## DECLARATION OF C. ROBERT SUESS

My name is C. Robert Suess. I am the lead Plaintiff in *Suess et al. v. United States*, U.S. Court of Federal Claims, Case No. 90-981C and lead Plaintiff on the Motion to Intervene in the underlying litigation, *United States of America v. Federal Deposit Insurance Corp.*, United States District Court for the District of Columbia, Case No. 1:02CV01427. I have been actively involved in both of these cases since their inception. I retained the law firm of Winston & Strawn LLP to assist in both of these matters. As a result of my involvement in these cases, and my dealings with Winston & Strawn LLP, as well as the other lawyers who have assisted in these matters, specifically Don Wilner and Rosemary Stewart of the law firm of Spriggs & Hollingsworth, I have an intimate knowledge of the legal work that was performed by these lawyers that serve as a basis of the fee petitions presently before you. I have also reviewed the fee petitions of each of these firms.

As indicated in their fee petition, Winston & Strawn LLP did all of the substantive research and analysis on the Federal Financial Assistance and other tax related issues that were the essence of the IRS action against the FDIC, and the settlement in that matter. Their work began in 1998, when they first uncovered the tax claim in the financial statements of the Benj. Franklin Receivership. Myself and the other named Plaintiffs in the Court of Federal Claims litigation asked Winston & Strawn LLP to fully investigate the tax claims, including subpoenaing records and taking depositions, and to analyze the factual record and the relevant legal issues for the shareholders. They spent a considerable amount of time doing this project in 1998 and 1999.

06 1120

**FILED**

JUN 2 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Based on this work, they were given the same responsibility for analyzing the tax issues and defending the surplus against the tax claim filed by the IRS on July 17, 2002 in federal district court for the District of Columbia. It was based on the tremendous work product of Winston & Strawn LLP, which was performed by the firm's most experienced trial and tax lawyers, that resulted in the favorable tax settlement with the IRS. Richard Gill, Counsel for the FDIC, could attest to the role of Winston & Strawn LLP in this matter.

Winston & Strawn LLP was paid $125.00 per hour for their work on the tax case. They have submitted a fee petition, which describes in detail the work that they performed on the matter, as well as their standard hourly rates at the time. I entered into an agreement with Winston & Strawn LLP whereby they would be paid $125.00 an hour for their work on the tax case, but would receive a success fee, if the matter was resolved in a manner acceptable to the shareholder majority. For this reason, I submit, as the lead Plaintiff in these matters, and one of the two largest shareholders of Benj. Franklin stock, that Winston & Strawn LLP be paid the agreed upon rate, as opposed to only their standard hourly rates, which I understand is the position of the FDIC at this time. To pay them only their standard rates would be unfair, and would actually constitute a significant loss to them, because nearly half of their legal fees date back to 1998 and 1999. Applying a simple interest rate to their standard hourly rates in 1998 and 1999 would amount to at least twice their hourly rates today. <u>Moreover, no law firm would take on a matter this complicated and demanding for 25% of their normal billable rates if all they were guaranteed if they were to prevail, would be their standard hourly rates.</u>

As the lead Plaintiff in the Court of Federal Claims litigation and the Motion to Intervene in the IRS' tax claim litigation, I have taken the responsibility to keep as many shareholders informed of the litigation as possible. In this regard, I have discussed my fee arrangement with Winston & Strawn LLP with many large shareholders, such as Gary Hindes and Abe Siemens and hundreds of other smaller individual shareholders. I can attest with certainty that I have spoken with individuals who hold over half of the shares of Benj. Franklin stock, and that they fully support Winston & Strawn LLP's fee petition.

Considering that the FDIC has no real stake in this matter, and that its only interest is to protect the interest of the shareholders, and that the shareholders clearly support Winston & Strawn LLP's fee petition, I request that you approve the fee petition as submitted.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief. Executed this 22 day of March, 2006.

_____
C. Robert Suess

DC:459671.3