**BEFORE THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **WINSTON & STRAWN LLP** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 06-01120 (EGS) |
| ) | |
| **FEDERAL DEPOSIT INSURANCE** ) | |
| **CORPORATION, AS RECEIVER FOR** ) | |
| **THE BENJ. FRANKLIN FS&LA,** ) | |
| **PORTLAND, OREGON** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**JOINT REPORT OF COUNSEL OUTLINING DISCOVERY PLAN AND PROPOSED**
**SHCEDULING ORDER**

Pursuant to Fed. R. Civ. P. 16, Local Rule 16.3, and the Court's August 16, 2006 Order, the parties, by their respective undersigned counsel, hereby file their Proposed Discovery Plan in the above case.

1.    **Plaintiff's Statement of the Case.**  This lawsuit is a claim by the law firm of Winston & Strawn LLP ("Winston & Strawn") for a success fee in the amount of $574,937.99 (or two times its fees at its normally hourly rates) from the FDIC as Receiver of Benj. Franklin Savings & Loan, a failed thrift formerly located in Portland, Oregon.  The fee request is supported by well over half of the Benj. Franklin shareholders, including Bob Suess, the lead plaintiff in all of the Benj. Franklin litigation.  The basis of the success fee is Winston & Strawn's work on behalf of the shareholders of Benj. Franklin in the matter of *The United States v. FDIC*, Civil Action No. 02-1427, a case which this court handled.  Winston & Strawn's representation of the Benj. Franklin shareholders lasted from 1999 to 2005.  The case involved a

complicated, novel tax claim by the IRS against the Benj. Franklin Receivership in the amount of $1 billion.  Winston & Strawn charged only one-third of its standard hourly rates for its work on the matter with the express understanding it could seek a success fee if there was a favorable result. After nearly two years of negotiations, in which Winston & Strawn played a significant role, the matter was settled for $50 million.  This allowed the Benj. Franklin shareholders to keep $43 million of the $93 million surplus in the Benj. Franklin Receivership, and to potentially receive the full amount of a $35 million damages award against the United States by Judge Smith of the Court of Federal Claims for the unlawful seizure of Benj. Franklin in 1990.

Winston & Strawn LLP filed its original fee claim with the FDIC Receiver in August 2005.  For over a year the FDIC receiver reviewed all of Winston & Strawn's legal fees and expenses.  On May 17, 2006, the FDIC found the fees to be reasonable and appropriate, but decided only to pay Winston & Strawn its hourly rates, rejecting its success fee without comment.  By this complaint Winston & Strawn seeks to recover the success fee portion of its original fee claim.

Winston & Strawn LLP believes a success fee is appropriate considering the result of the IRS litigation, and the risk it took in handling the matter.  As stated above, the $50 million settlement was 5% of the total IRS claim, and Winston & Strawn LLP worked for years for one third of its hourly rates.  Additionally, the FDIC specifically told this Court at the Fairness Hearing that the settlement was a great success to the shareholders.

2.     Defendant's Statement of the Case.  The Defendant disagrees that the Plaintiff is entitled to additional compensation in connection with the settlement of *United States v. FDIC*, Civil Action No. 02-1427 (the "Tax Case").  The Defendant agreed to pay the Plaintiff and other legal providers reasonable fees and expenses as an accommodation and in connection with the

settlement of the Tax Case. The Defendant paid the Plaintiff $400,812.75 in connection with its services. Thus, the Defendant believes that it has satisfied any obligation it may have had to the Plaintiff with respect to any services rendered in connection with the settlement. The Defendant does not believe that the Plaintiff's request for additional compensation is justified under the circumstances presented and applicable receivership law and believes that the additional fees requested by the Plaintiff should be distributed to the shareholders of the former Benj. Franklin FS&LA.

3.     **Case Tracking Category.**   The Parties believe this case should be on the fast track.

4.     **Joinder of Parties or Amendment of Pleadings.**   No other parties need to be added to this case. At this point, the Parties do not anticipate amending the pleadings. Defendant has moved to consolidate this case with three other related cases before this court.

5.     **Magistrate.**   The Parties have no objection to a Magistrate Judge overseeing discovery issues, but do not consent to trial before a Magistrate Judge.

6.     **Settlement.**   The Parties have discussed settlement on several occasions, and believe there is a possibility for settlement in the future.

7.     **Alternative Dispute Resolution.**   The Parties do not believe ADR would help to facilitate resolution of this dispute at this point, although a summary trial would be appropriate if the case is not decided by dispositive motion.

8.     **Dispositive Motions.**   The Parties believe that this case may be decided on motions for summary judgment, which the Parties intend to address as noted herein. The Parties propose to file simultaneous motions for summary judgment on October 27, 2006. Oppositions would be filed 20 days after service of the motions for summary judgment. Replies would be

filed 15 days after service of oppositions. The Parties note that the times proposed for responses and replies are slightly different than those provided by LCvR 7 and therefore require the approval of the Court.

9.    **Rule 26(a)(1) Disclosures.**  The Parties waive Rule 26(a)(1) disclosures.

10.    **Discovery.**  The Parties believe that limited, if any, discovery is needed in this case. They propose to complete any discovery by October 27, 2006, but request the Court to allow them to re-open discovery if it appears that additional information is necessary for a proper briefing and disposition of the case.

11.    **Expert Reports.**  The Parties do not believe experts will be necessary, but agree that if experts are required, they will exchange expert reports and complete expert discovery as later agreed or ordered by the Court.

12.    **Class Action.**  Not applicable.

13.    **Bifurcation.**  Not applicable.

14.    **Pretrial Conference.**  The Parties recommend a pre-trial conference in early December 2006 if the Court's schedule permits, with the understanding that the case may be resolved on summary judgment.

15.    **Trial Date.**  If a trial is necessary, the Parties request a trial date in January 2007 if the Court's schedule permits or otherwise as soon as practicable.

Respectfully submitted,

Date:  September 27, 2006          /s/ Thomas M. Buchanan
_____
Thomas M. Buchanan
Eric W. Bloom
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C.  20006
(202) 282-5000 (Telephone)
(202) 282-5100 (Facsimile)

*Counsel for Winston & Strawn LLP*

                                   /s/ Bruce C. Taylor
_____
Bruce C. Taylor
Federal Deposit Insurance Corporation
550 17th Street, NW
Room VS-E7118
Washington, D.C.  20429
(703) 562-2436 (Telephone)
(703) 562-2478 (Facsimile)

*Counsel for Federal Deposit Insurance Corporation,*
*As Receiver for The Benj. Franklin FS&LA*