# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **WINSTON & STRAWN LLP,**<br><br>and<br><br>**DON S WILLNER & ASSOCIATES, P.C.**<br><br>and<br><br>**BLACKWELL SANDERS PEPER MARTIN**<br>and<br>**ERNEST M. FLEISCHER**<br><br>                Consolidated Plaintiffs,<br><br>        v.<br><br>**FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR THE BENJ. FRANKLIN FS&LA, PORTLAND, OREGON**<br><br>                Defendant. | Civil Case No. 06-01120 (EGS)<br><br>[Consolidated with No. 06-01227 (EGS) and No. 06-01273 (EGS)] |

## JOINT REPORT OF COUNSEL

Pursuant to Fed. R. Civ. P. 23(f), LCvR 16.3, and the Court's October 27, 2006 Order For Consolidated Initial Scheduling Conference, the Parties, by their respective undersigned counsel, hereby file their Joint Report in the above consolidated cases.

### I.      Statements of the Case

1.      **Plaintiff Winston & Strawn.** This lawsuit is a claim by the law firm of Winston & Strawn LLP ("Winston & Strawn") for a success fee in the amount of $574,937.99 (or two times its fees at its normally hourly rates) from the FDIC as Receiver of Benj. Franklin Savings & Loan, a failed thrift formerly located in Portland, Oregon. The fee request is supported by well over half of the Benj. Franklin shareholders, including Bob Suess, the lead plaintiff in all of the Benj. Franklin litigation.

The basis of the success fee is Winston & Strawn's work on behalf of the shareholders of Benj. Franklin in the matter of *The United States v. FDIC*, Civil Action No. 02-1427, a case which this court handled. Winston & Strawn's representation of the Benj. Franklin shareholders lasted from 1999 to 2005. The case involved a complicated, novel tax claim by the IRS against the Benj. Franklin Receivership in the amount of $1 billion. Winston & Strawn charged only one-third of its standard hourly rates for its work on the matter with the express understanding it could seek a success fee if there was a favorable result. After nearly two years of negotiations, in which Winston & Strawn played a significant role, the matter was settled for $50 million. This allowed the Benj. Franklin shareholders to keep $43 million of the $93 million surplus in the Benj. Franklin Receivership, and to potentially receive the full amount of a $35 million damages award against the United States by Judge Smith of the Court of Federal Claims for the unlawful seizure of Benj. Franklin in 1990.

Winston & Strawn LLP filed its original fee claim with the FDIC Receiver in August 2005. For over a year the FDIC receiver reviewed all of Winston & Strawn's legal fees and expenses. On May 17, 2006, the FDIC found the fees to be reasonable and appropriate, but decided only to pay Winston & Strawn its hourly rates, rejecting its success fee without comment. By this complaint Winston & Strawn seeks to recover the success fee portion of its original fee claim.

Winston & Strawn LLP believes a success fee is appropriate considering the result of the IRS litigation, and the risk it took in handling the matter. As stated above, the $50 million settlement was 5% of the total IRS claim, and Winston & Strawn LLP worked for years for one third of its hourly rates. Additionally, the FDIC specifically told this Court at the Fairness Hearing that the settlement was a great success to the shareholders.

2.    **Plaintiff Don S. Willner & Associates**. This is an action pursuant to 12 U.S.C. § 1821(d)(6) for *de novo* review of a claim by the Willner Firm, submitted to the FDIC pursuant to 12 U.S.C. §

2

1821(d)(5) and granted in part and denied in part by the FDIC, for fees and expenses to compensate the Willner Firm for legal services rendered to the Benj. Franklin Federal Savings and Loan Administration and its shareholders in connection with the settlement of a tax claim and the preservation of a common fund.

Plaintiff Willner & Associates contends that the amount that the FDIC agreed to pay to the Willner Firm was inadequate under governing case law applicable to common fund fee awards, and that even if a "lodestar" approach were applicable, the FDIC based its payment on an inappropriately low hourly rate and excluded from the payment a substantial number of compensable hours and expenses.

Don Willner filed the Claims Court shareholders derivative action in September, 1990 on behalf of the 6500 shareholders of Benj. Franklin Federal Savings and Loan Association. Claims Court rules provide for only one attorney of record and Don Willner has been the sole attorney of record from September, 1990 to the present.

Don Willner argued and won the motion for shareholder derivative standing, argued and won the motion for summary judgment on liability, and handled most of the trial for damages. Thomas Buchanan of the law firm of Winston and Strawn assisted as of counsel until January 28, 2000 when he was suspended from further participation in the case.

Thereafter, Rosemary Stewart and the law firm of Spriggs and Hollingsworth, assisted as of counsel, including having a major role in the preparation of seven Claims Court briefs and participating in oral argument.

In connection with the tax matter, which is the subject of the pending fee petition, Don Willner:

(a)    Tried in the Claims Court the only part of the tax matter upon which evidence was allowed.

(b) When the FDIC threatened to pay the tax, which would have effectively mooted any further tax claim, Don Willner was sole attorney in the District of Oregon case which resulted in a Temporary Restraining Order and a later agreement to give Don Willner advance notice of any FDIC attempted payment of the tax, which did not occur.

(c) When the IRS filed the tax claim in this Court, Don Willner was the sole attorney in filing a Motion for Intervention on behalf of the Benj. Franklin shareholders which resulted in an agreement with the government and FDIC to stay the motion while the government, the FDIC, and the shareholders entered into three years of discussion resulting in the tax settlement which was approved by this court.

(d) Don Willner put together a team consisting of trial and appellate attorney Rosemary Stewart, tax attorney Ernest Fleischer, and CPA Randi Cohn of the Siegfried Group.

(e) Later, Winston and Strawn joined in the discussions on behalf of one plaintiff, C. Robert Seuss.

(f) While there was substantial participation by the others listed above, Don Willner was lead counsel throughout the discussions. He coordinated the efforts of the group, initiated all telephone conference calls, chaired the plaintiffs' side of the discussions with the government and FDIC including calling on others for participation, carried on all the correspondence with the government and the FDIC, carried on almost all of the many communications with the lead government attorney, sharing with Rosemary Stewart, did all of the communications with the lead FDIC attorney, presented all offers and counter offers to the government and FDIC, and maintained contact with the Plaintiffs Committee who approved the settlement.

(g) Don Willner was the sole plaintiffs' attorney to participate in the Fairness Hearing before this Court.

Don Willner's fee petition has been approved by the Plaintiffs Committee. Since the statute calls for a judicial decision by this Court, no effort has been made to solicit shareholder votes. The

4

fee sought in this fee petition is about 2% of the $44 million common fund preserved for the shareholders, and is reasonable for lead counsel.

3.     **Plaintiffs Blackwell Sanders Martin Peper and Ernest M. Fleischer**.  This action is brought pursuant to 12 U.S.C. § 1821(d)(6) to review de novo Blackwell Sanders' and Ernest Fleischer's claim for attorney's fees submitted to the FDIC pursuant to 12 U.S.C. § 1821(d)(5). Plaintiffs seek fair and reasonable attorney's fees for providing legal services to the Benj. Franklin receivership and its shareholders in connection with a favorable and substantial federal income tax settlement resulting in the partial preservation of a common fund.  Plaintiffs requested this review because the attorney's fees awarded do not compensate them for the risk of nonpayment undertaken when they agreed to accept a contingent fee if there was a successful outcome.  Blackwell Sanders' lawyer, Ernest Fleischer ("Fleischer"), was brought into the litigation after the Internal Revenue Service ("IRS") had assessed approximately $1 billion in tax liabilities against the Federal Deposit Insurance Corporation ("FDIC") in its capacity as Receiver for Benj. Franklin Savings and Loan Association ("Benj') estate.  Mr. Fleischer was contacted by Don Willner concerning the proposal that the FDIC pay all of the common fund to the IRS in partial payment of that assessment, which Mr. Willner advised Mr. Fleischer had been recommended by other counsel, who Mr. Willner stated had advised  that the common fund, or whatever portion of it in fact that was not owing in tax, could be recovered by filing a refund claim, and, if not refunded by the IRS, could be recovered by commencing litigation against the IRS for the recovery.  Mr. Fleischer advised Mr. Willner of the disastrous result to the estate if such partial payment was made, and provided legal research and analysis to Mr. Willner to obtain the necessary Temporary Restraining Order.  Mr. Fleischer was retained by Don Willner with the understanding that Mr. Fleischer's and Blackwell's fee would be purely contingent upon a successful resolution of the tax claim.   Mr. Fleischer's representation continued through settlement with the IRS, with him actively providing advice and devising legal strategy to litigate and, ultimately, negotiate and settle with the IRS.

The claim was successfully resolved with Mr. Fleischer's assistance, allowing the shareholders to retain $43 Million that would have otherwise been paid over to and retained by the IRS. In the D.C. Circuit, a percentage-of-the-fund is the proper method for calculating fees in a common fund case where the attorney provided services on a contingency fee basis. *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1272 (D.C. Cir.1993). Mr. Fleischer and Blackwell Sanders seek to recover a percentage-of-the-fund, consistent with the terms of their initial engagement.

4.      **Defendant FDIC**. Defendant FDIC disagrees that the Plaintiffs are entitled to additional compensation in connection with the settlement of *United States v. FDIC*, Civil Action No. 02-1427 (the "Tax Case"). The FDIC agreed to pay the Plaintiffs reasonable fees and expenses as an accommodation and in connection with the settlement of the Tax Case. The FDIC paid Plaintiff Winston & Strawn $400,812.75 in connection with its services, in addition to $189,456.76 paid by the Benj. Franklin Shareholders Litigation Fund ("BFS Lit. Fund"), which the FDIC reimbursed. The FDIC paid Plaintiff Willner & Associates $122,731.44, in addition to $101,793.90 paid by the BFS Lit. Fund, which the FDIC reimbursed. The FDIC paid Plaintiff Ernest M. Fleischer $89,465.34.

Thus, the FDIC believes that it has satisfied any obligation it may have had to the Plaintiffs with respect to any services rendered in connection with the settlement. The FDIC does not believe that the Plaintiffs' requests for additional compensation are justified under the circumstances presented and applicable receivership law and believes that the additional fees requested by the Plaintiffs should be distributed to the shareholders of the former Benj. Franklin FS&LA.

II.    **Topics of Discussion**

1.    **Dispositive Motions**.  The Parties believe that the case is likely to be disposed of by dispositive motion, with the exception of the Blackwell/Fleischer Plaintiffs.  The Blackwell/Fleischer Plaintiffs believe that there may be disputed facts regarding the contributions of Plaintiff Ernest Fleischer to the settlement of the Tax Case that may require a short hearing with limited witnesses.

2.    **Joinder of Parties or Amendment of Pleadings.**  No other parties need to be added to this case.  At this point, the Parties do not anticipate amending the pleadings.

3.    **Magistrate.**  All the Parties believe that case should remain with Judge Emmet G. Sullivan for all purposes, including trial, if a trial is necessary.  However, if the Court deems it appropriate, the Parties do not object to a Magistrate Judge overseeing any discovery issues, with the exception of Don Willner, who objects to any referral to a Magistrate Judge.

4.    **Settlement.**  The Parties have discussed settlement on several occasions.  Currently, it is unlikely that a settlement is possible.

5.    **Alternative Dispute Resolution.**  The Parties do not believe ADR would help to facilitate resolution of this dispute at this point.  With the exception of Don Willner, the Parties believe a summary trial may be appropriate if the case is not decided by dispositive motion.

6.    **Dispositive Motions.**   The Parties believe that this case may be decided on motions or cross-motions for summary judgment, subject to the concerns expressed by the Blackwell/Fleischer Plaintiffs in paragraph 1.  The Plaintiffs propose to file motions for summary judgment on or before February 2, 2007.  The FDIC would file its opposition to the Plaintiffs' motions for summary judgment and file its cross-motion for summary judgment on or before 20 days after service of the last-filed Plaintiff's motion for summary judgment or within 7 days from the discovery cutoff date, whichever is later.  The Plaintiffs would file their replies to the FDIC's opposition to Plaintiffs' motions for summary judgment and their oppositions to the FDIC's cross-motion for summary

judgment on or before 15 days after service of the FDIC's opposition and cross-motion. The FDIC would file its reply to the Plaintiffs' oppositions to the FDIC's cross motion for summary judgment on or before 15 days after service of the last-filed Plaintiff's opposition. The Parties note that the times proposed for responses and replies are slightly different than those provided by LCvR 7 and therefore require the approval of the Court. The Parties propose that the Court render a decision on the dispositive motions within 60 days from the date dispositive briefing ends.

7.     **Rule 26(a)(1) Disclosures.** The Parties stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

8.     **Discovery.** The Parties believe that discovery will be relatively limited. The Blackwell/Fleischer Plaintiffs propose a discovery cutoff date of January 31, 2007. However, the Parties request the Court to allow them to re-open discovery if it appears that additional information is necessary for a proper briefing and disposition of the case. In particular, the Willner Firm requested the inclusion of the following language: If FDIC claims attorney/client privilege for its designated principal witness, attorney Richard Gill, or if FDIC seeks to limit full discovery or deposition testimony in connection with regulations or statutes, especially 12 CFR § 309.7, Willner Firm will file a motion to compel which should, in the interest of time economy, go directly to the Judge and not to a Magistrate Judge. This may require a delay in the discovery deadline.

9.     **Expert Reports.** Currently, only the Willner Firm states that it may submit reports and testimony from expert witnesses. The other Parties do not believe expert testimony will be necessary but agree that if experts are required, they will exchange expert reports and complete expert discovery as later agreed or ordered by the Court.

10.    **Class Action.** This is not a class action.

11.    **Bifurcation.** Bifurcation is not necessary or requested.

12. **Pretrial Conference.** Assuming the Court does not dispose of the cases on summary judgment, the Parties propose that the Court schedule a pretrial conference as soon as practicable after it denies or partially denies dispositive motions.

13. **Trial Date.** If a trial is necessary, the Parties request a trial date within 30 to 60 days after the pretrial conference.

[Proposed Discovery Plan Follows]

### III. Proposed Discovery, Briefing, and Hearing Plan

The Parties propose the following schedule for this case, subject to the Court's approval:

| Event | Date or Benchmark |
|---|---|
| Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) | Waived |
| Discovery Deadline | January 31, 2007 |
| Plaintiffs' Motions for Summary Judgment | On or before February 2, 2007 |
| Defendant FDIC's Opposition and Cross-Motion | On or before 20 days after service of the last filed Plaintiff's motion for summary judgment or within 7 days from the discovery cutoff date, whichever is later |
| Plaintiffs' Replies and Oppositions | On or before 15 days after service of FDIC's opposition and cross motion |
| Defendant FDIC's Reply | On or before 15 days after service of the last-filed Plaintiff's reply and opposition |
| Decision on Dispositive Motions | Within 60 days after the end of dispositive briefing |
| Pretrial Conference (if necessary) | As soon as practicable after the Court denies or partially denies dispositive motions |
| Trial (if necessary) | Within 30 to 60 days after the pretrial conference |

A proposed scheduling order is attached hereto.

Respectfully submitted,

Date: November 14, 2006

/s/ Bruce C. Taylor
Bruce C. Taylor
Federal Deposit Insurance Corporation
550 17th Street, NW
Room VS-E7118
Washington, DC 20429
(703) 562-2436 (Telephone)
(703) 562-2478 (Facsimile)

*Counsel for Federal Deposit Insurance Corporation, as Receiver for The Benj. Franklin FS&LA*

/s/ Thomas M. Buchanan
Thomas M. Buchanan (D.C. Bar No. 337907)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5000 (Telephone)
(202) 282-5100 (Facsimile)

*Counsel for Winston & Strawn LLP*

/s/ Don S. Willner
Don S. Willner (D.C. Bar No. D00227)
DON S. WILLNER AND ASSOCIATES, P.C.
630 Sunnyside Road
Trout Lake, Washington 98650
(509) 395-2000 (Telephone)
(509) 395-2939 (Facsimile)

and

/s/ Jeremiah A. Collins

| | |
|---|---|
| Kelby Fletcher | Jeremiah A. Collins (D.C. Bar No. 241935) |
| Attorney at Law | BREDHOFF & KAISER, PLLC |
| 1501 4th Avenue, Suite 2800 | 805 15th Street, NW |
| Seattle, WA 98101 | Washington, D.C. 20005-2207 |
| (206) 624-6800 (Telephone) | (202) 842-2600 (Telephone) |
| (206) 682-1415 (Facsimile) | (202) 842-1888 (Facsimile) |
| *Of Counsel for Willner & Associates* | *Counsel for Willner & Associates* |

  /s/ William F. Demarest
_____
William F. Demarest (D.C. Bar No. 266312)
BLACKWELL SANDERS PEPER MARTIN
750 17th Street, NW
Suite 1000
Washington, D.C. 20006
(202) 378-2300 (Telephone)
(202) 378-2319 (Facsimile)

and

James Borthwick    (MO #19722)
Nancy S. Jochens    (MO #49022)
Blackwell Sanders Peper Martin LLP
4801 Main Street, Suite 1000
Kansas City, MO. 64112
(816) 983-8000 (Telephone)
(816) 983-8080 (Facsimile)

*Counsel for Blackwell Sanders Peper Martin, LLP and Ernest Fleischer*