## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WINSTON & STRAWN LLP, | ) |
| | ) |
| and | ) |
| | ) |
| WILLNER & ASSOCIATES, | ) |
| | ) |
| and | ) Civil Case No. 06-1120 (EGS) |
| | ) |
| BLACKWELL SANDERS PEPER MARTIN | ) [Consolidated with No. 06-1227 |
| and | ) (EGS) and No. 06-1273 (EGS)] |
| ERNEST M. FLEISCHER, | ) |
| | ) |
| Consolidated Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| FEDERAL DEPOSIT INSURANCE | ) |
| CORPORATION, AS RECEIVER FOR | ) |
| THE BENJ. FRANKLIN FS&LA, | ) |
| | ) |
| Defendant. | ) |

## DECLARATION OF THOMAS M. BUCHANAN

I, Thomas M. Buchanan, certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct:

1.      I am over 21 years of age, and I have personal knowledge of the facts and matters attested to in this Declaration, and I am competent to be a witness to the facts and matters attested to in this Declaration.

2.      I am a partner with Winston & Strawn LLP ("Winston & Strawn"), which is an international law firm with offices throughout the United States and abroad.

3.      On September 14, 1990, Winston & Strawn, together with Portland, Oregon counsel, Don Willner, filed a shareholder derivative and class action on behalf of C. Robert

Suess and other shareholders of the Benj. Franklin Federal Savings & Loan Association ("Benj. Franklin") in the United States Court of Federal Claims. The complaint alleged that the seizure of Benj. Franklin constituted, among other things, a breach of contract by the United States ("CFC Case").

4.    In 1998, during the course of discovery on damages issues in the CFC Case, Winston & Strawn attorneys learned that the Internal Revenue Service ("IRS") had asserted a claim against the Benj. Franklin receivership for about $1.2 billion in alleged taxes and penalties.

5.    In April 1999, the Federal Deposit Insurance Corporation in its capacity as receiver for Benj. Franklin ("FDIC-Receiver") was joined in the CFC Case as an involuntary plaintiff.

6.    The Benj. Franklin shareholders were the real parties in interest in connection with the $1.2 billion IRS claim against the Benj. Franklin receivership since the institution is defunct and any receivership surplus will be distributed to its shareholders

7.    Faced with the prospect of losing their entire investment in the institution, the Benj. Franklin shareholders directed Winston & Strawn to analyze the legitimacy of the IRS claim shortly after that claim was discovered

8.    At the shareholders' request, Winston & Strawn provided the requested tax-related legal services under the pre-existing fee agreements related to the CFC Case. Under those agreements, Winston & Strawn charged a reduced lawyer hourly rate of $125 per hour in return for a possible success fee.

9.    On July 17, 2002, the United States filed suit against FDIC-Receiver in this Court based on the IRS claim and, in that suit, sought more than $1 billion in damages ("Tax Case").

10.     Winston & Strawn entered into an engagement letter with Mr. Suess dated May 9, 2003, that confirmed the parties' fee arrangement. Ex. 19 to Winston & Strawn's Statement of Uncontested Material Facts in Support of Motion for Summary Judgment (Seuss Fee Agreement). The letter confirmed that Winston & Strawn had discounted its "hourly rates by two-thirds ($125.00 an hour)" in return for Mr. Suess's agreement, on behalf of Benj. Franklin shareholders, to agree to request on behalf of the firm, if appropriate, a "success fee . . . in the form of a multiple of [Winston & Strawn's] normal hourly rates[.]" Id.

11.     Winston & Strawn initially estimated that the Tax Case would require fewer than 600 hours of attorney time. As time went on, however, it became apparent that the pertinent tax issues were much more complicated, and thus required an expenditure of more attorney time, than expected.

12.     In the course of analyzing the IRS's tax claim and developing a defense against the Tax Case, Winston & Strawn conducted multiple depositions, researched and prepared numerous memoranda analyzing complex and novel tax issues, and subpoenaed and reviewed thousands of pages of tax returns and other tax related documents. Winston & Strawn also prepared various complex tax schedules, reviewed the IRS's analyses and schedules and took the lead in negotiating the two cases with the FDIC and the IRS.

13.     With Mr. Suess's knowledge and consent, Winston & Strawn ultimately devoted more than 1,400 hours to the IRS claim and the Tax Case at the reduced rate of $125 an hour based on the mutual understanding that the firm would be entitled to a success fee of twice its normal hourly rates for all time devoted to the IRS claim and the resulting Tax Case if that matter were settled in a manner acceptable to a sufficient number of shareholders to approve the settlement.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.  Executed on February 1, 2007.

Thomas M. Buchanan