IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FEDERAL DEPOSIT INSURANCE )<br>CORPORATION, *et al.* )<br>)<br>Defendants. )<br>) | Civil Action No. 02-1427<br><br>FILED<br><br>MAY - 2 2006<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## ORDER

On May 2, 2006, the Court presided at a fairness hearing to consider a proposed settlement of the tax claim made against the Federal Deposit Insurance Corporation ("FDIC") as the receiver for The Benj. Franklin Federal Savings & Loan Association, Portland, Oregon, ("Benj. Franklin"). Because the amount of any tax settlement payment will directly affect the amount of money remaining in the Benj. Franklin receivership to be distributed to approximately 6,500 shareholders of Benj. Franklin, the Court previously approved a Notice to Shareholders and directed that it be sent by the FDIC to all known shareholders to advise them of the hearing about the fairness of the proposed tax settlement and to invite such shareholders to advise the Court of their views on the proposed settlement. *See* Order dated March 20, 2006.

Both parties to this action, the United States represented by the U.S. Department of Justice Tax Division and the FDIC, have agreed to a proposed settlement that would require the FDIC-Receiver to pay $50 million for the federal income taxes allegedly due for calendar years 1990 through 2002, which will resolve and close each of those disputed tax years. The remaining terms of the settlement are set out in the attached letter agreement between the

Department of Justice and the FDIC, which is made a part of this Order. That agreement was conditioned on the approval of this Court after the conduct of a fairness hearing.

At the May 2, 2006 fairness hearing, the Court heard from counsel for the plaintiff United States and for the defendant FDIC and also heard statements by several Benj. Franklin shareholders and by counsel for other Benj. Franklin shareholders, all of whom, except one, spoke in favor of the proposed settlement. Prior to the hearing, the Court also received the votes of approximately 446 shareholders, representing the ownership of approximately 3,000,000 shares of Benj. Franklin stock. Most of the shareholders who sent written views to the Court, expressed agreement with the proposed settlement. Of the total number of shares owned by these responding shareholders, 99.3% of the shares agreed with the settlement and .7% of the shares disagreed with the proposed settlement. Most of the shareholders who voted and disagreed do not believe that any taxes should be paid by the Benj. Franklin receivership because of the way in which the institution was seized back in 1990. In the Notice previously approved by this Court and sent to Benj. Franklin shareholders, they were advised that if they did not send the response form back to the Court, it would assume that such nonresponding shareholders did not object to the proposed settlement described in the Notice. Accordingly, 7,682,958 of the 7,705,000 million shares of common stock of Benj. Franklin voted in favor of the settlement.

Based on all of the views expressed at the hearing and set out in the forms submitted by Benj. Franklin shareholders, the Court finds that the settlement reached between the United States and the FDIC, with various counsel for Benj. Franklin shareholders also participating actively in the settlement discussions, was the product of arms-length negotiations. The Court further finds that the settlement is a fair, adequate, and reasonable way to resolve the tax controversy between the parties, particularly considering the early stage of the litigation

2

proceeding and the opinions expressed by the experienced counsel to the parties and to the shareholders. Moreover, the issues related to the bank's seizure in 1990 are not before this Court and thus would not have been resolved in this forum, even if this tax case had been litigated to conclusion.

Accordingly, the terms of settlement set out in the attached letter agreement between the Department of Justice and the FDIC are approved by this Court, and the parties are directed to carry out the settlement in the manner set out in that agreement.

Dated: May 2, 2006

Emmet G. Sullivan
United States District Judge

3

Attorneys to be Served with Order

Richard S. Gill, Esq.
Legal Division
Federal Deposit Insurance Corporation
550 17th Street, N.W.
Washington, DC 20429

Henry C. Darmstadter, Esq.
Charles M. Duffy, Esq.
Carl Hankla, Esq.
Jeremy N. Hendon, Esq.
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, DC 20044

Don S. Willner, Esq.
630 Sunnyside Road
Trout Lake, WA 98650

U.S. Department of Justice

Tax Division
Washington, D.C. 20530

[illegible reference lines]

November [illegible], 2005

[Addressee block — illegible]
Associate General Counsel
Federal Deposit Insurance Corporation
[illegible] 17th Street [N.W.]
Washington, D.C. 20429

Re: United States v. FDIC, Civ. No. 02-1447 (EGS)

Dear Mr. [illegible]:

This letter confirms your amended offer, dated November [illegible], 2005, submitted on behalf of the defendant FDIC, to resolve the above-entitled action on the following terms:

The FDIC agrees to pay the United States the sum of $50,000,000 to settle [illegible] federal tax liabilities of the bancassurer of the estate of Senator Benjamin Franklin's Savings & Loan Association, a successor, for the calendar years December 31, 1990, through December 31, 2002.

The $50,000,000 settlement will be in lieu of any [illegible] tax liabilities determined for income tax liabilities for Benjamin Franklin for the calendar years 1990 through 2002 plus interest to the date of payment of the settlement amount.

Upon receipt of the $50,000,000 settlement payment by the United States, all income tax liabilities for Benjamin Franklin for the calendar years 1990 up through and including 2002 [illegible] and the United States [illegible] any [illegible] claims or [illegible] taxes, penalties, or interest against [illegible] for the calendar years 1990 through 2002. [illegible] (or the FDIC) cannot pursue a claim for refund of income tax [illegible] paid by or on behalf of Benjamin Franklin for the calendar years 1990 through 2002.

The United States agrees that, except as to any federal tax liabilities of Benjamin Franklin for the periods at issue, the $50,000,000 settlement payment will not satisfy or resolve [illegible] federal income tax liabilities of Benjamin Franklin for the calendar years 1990 and [illegible] years at issue in the settlement period.

75% of the first $[illegible],000,000 of the settlement payment will be treated as a payment of interest, and the remaining 25% of that amount will be treated as a payment of income tax for purposes of [illegible] the effect of the payment on tax years other than the calendar years at issue. Of the settlement [illegible] not treated as interest, a payment of income tax for purposes of determining the effect of the payments on tax years other than [illegible].

-2-

The settlement of this action must be approved by the FDIC's Board of Directors.

The settlement is contingent upon a subsequent good faith determination of the United States District Court for the District of Columbia in connection with a "fairness" or "reasonableness" hearing, in which participation is requested of FDIC, to the extent that this agreement is challenged by the United States.

The FDIC will make the $50 million Settlement Payment within 30 calendar days of the date that the United States District Court determines the settlement to be reasonable.

Within seven calendar days of payment of the $50 million, the United States will dismiss its Complaint in this case, with prejudice. Dismissal of the case also will not affect or settle any claims for damages and/or costs of funds or liability of any person related to any Savings and Loan Association that are not resolved by this settlement.

[illegible paragraph]

[illegible paragraph]

Enclosed please find an executed copy of a Stipulation for Dismissal of this case. Please sign [illegible]... and file it with the court, and return a signed copy to you.

ELIZABETH O'CONNOR
Assistant Attorney General
Tax Division

[signature]
Chief, Office of Review