# FDIC
**Federal Deposit Insurance Corporation**
1910 Pacific Ave. Dallas TX, 75201                                    Division of Resolutions and Receiverships

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

May 19, 2006

Don S. Willner, Esq.
Don S. Willner & Associates, P.C..
630 Sunnyside Road
Trout Lake, Washington 98650

SUBJECT:    7166–The Benj. Franklin Federal S&LA
            Portland, OR – In Receivership
            **NOTICE OF PARTIAL DISALLOWANCE OF CLAIM FOR REASONABLE ATTORNEY'S FEES**

Dear Mr. Willner::

The Receiver of The Benj. Franklin Federal S&LA has reviewed your claims against the receivership insofar as you request reasonable attorney's fees and fees for five consultants in connection with the recent tax settlement. After a thorough review of your claim for reasonable attorney's fees and expenses, along with supporting documentation, the Receiver has determined to allow your claim in part, and the claims of the consultants in part.

The Receiver will allow your firm to be reimbursed for 842.35 hours at a $250 per hour billing rate. Your firm does not appear to have any standard hourly billing rate, and the FDIC has looked at the rates it pays its outside counsel in the Portland, Oregon area and other information in determining the above-referenced hourly rate. Your claim will be reduced by the $101,793.90 paid to your firm by the Litigation Trust Fund. Your firm's claim for expenses is allowed in the amount of $13,937.84. Accordingly, the Receiver will allow your firm's claim for recovery of attorney's fees and expenses in the amount of $122,731.44.

The FDIC has also approved the claims of the Siegfried Group LLP and Jerry Young, CPA in the amounts of 21,803.93 and $4,357.47, respectively. In addition, the Receiver has allowed the claim of Ernest Fleischer in the amount of $89,465.34 that includes $1,408.34 in expenses.

The Receiver has disallowed 188.75 hours of your firm's attorney time. The disallowed time includes for illustrative purposes 40 hours of estimated time where no time entries were provided, time spent on preparing your fee application and the seven supplements, time spent on organizing files, making travel arrangements and packing for trip, working on a web page, talking to reporters, and issuing a press release. In addition, the Receiver has determined that your requested hourly rate of $525 an hour plus an appropriate enhancement is not appropriate in this case because this would not constitute reasonable attorney's fees. The Receiver has also disallowed the expense you submitted on behalf of two shareholders that amount to $1,204.14 in connection with attending the May 2, 2006 fairness hearing. Accordingly, these portions of the claims are denied.

In addition, the claims of two consultants, Sarah Drescher and Kathleen Kelly, are disallowed because their time was spent working on your attorney's fee application and as such these expenses do not constitute reasonable attorney's fees. The Receiver has also disallowed 4.5 hours of Mr. Fleischer's time that relates to a dinner meeting.

Pursuant to 12 U.S.C. Section 1821 (d) (6), if you or the other claimants do not agree with this disallowance, each claimant has the right to file a lawsuit on its claim (or continue any lawsuit commenced before the appointment of the Receiver), in the United States District (or Territorial) Court for the District within which the failed institution's principal place of business was located or the United States

RLS7218

IF A CLAIMANT DOES NOT FILE A LAWSUIT (or continue any lawsuit commenced before the appointment of the Receiver) BEFORE THE END OF THE 60-DAY PERIOD, THE DISALLOWANCE WILL BE FINAL, THE CLAIM WILL BE FOREVER BARRED AND YOU WILL HAVE NO FURTHER RIGHTS OR REMEDIES WITH RESPECT TO YOUR CLAIM. 12 U.S.C. Section 1821(d)(6)(B).

If you have any questions about this letter, please contact the undersigned at (972) 761-2666.

Sincerely,

Glenn Glinsmann
Claims Department