## DON S. WILLNER & ASSOCIATES, PC
Don S. Willner
Attorneys at Law
(Licensed in Oregon and Washington)

| | |
|---|---|
| OREGON OFFICE | WASHINGTON OFFICE |
| 621 S.W. Morrison, Suite 1415 | 630 Sunnyside Road |
| Portland, OR 97205 | Trout Lake, WA 98650 |
| Telephone: (503) 228-4000 | Telephone: (509) 395-2000 |
| Fax: (503) 273-8842 | Fax: (509) 395-2939 |
| donswillner@aol.com | donswillner@aol.com |

September 5, 2005

VIA FAX (202) 736-0676 AND REGULAR MAIL

Rick Aboussie
Associate General Counsel
Federal Deposit Insurance Corporation
550 17th Street, N.W.
Washington, D.C. 20429-0002

Richard S. Gill
Federal Deposit Insurance Corporation
550 17th Street, N.W.
Washington, D.C. 20429-0002

Re:   Benj. Franklin

Dear Rick and Richard:

    I have the sense that not too much work gets done at the Department of Justice before Labor Day, but with at least six weeks having passed since the approval by the Review Committee, it is time to remind the D.O.J. that they owe us two signatures. Here is a check list of where we stand:

1. Could either of you call Darmstadter today? He had told you that once the Review Committee approved, the signatures would be easy and soon. Please understand the pressure on me from the shareholders for the predicted early D.O.J. action.
2. Working together, we should get all the other documents in final form so the motion can be filed in the District Court within days of receipt of the final D.O.J. letter. Please let Rosemary or me know if we can be of further help.
3. I assume the report by you to the Board of FDIC approving the settlement, has been written so they can act by phone once we receive the D.O.J. letter.

4. I wrote Mr. Glinsman about ten days ago asking if he wanted our shareholder list by email, disk or CD, and have received no answer.

The Claims Court case was filed on September 14, 1990. Fifteen years is a long time for the shareholders who are still living (or their heirs) to receive justice.

Please do everything you can as soon as possible. We appreciate your good efforts.

Sincerely,

DON S. WILLNER & ASSOCIATES, P.C.

*Don S. Willner* per jrp

Don S. Willner

cc: Rosemary Stewart

DSW/jrp

**DON S. WILLNER & ASSOCIATES, PC**
Don S. Willner
Attorneys at Law
(Licensed in Oregon and Washington)

| | |
|---|---|
| OREGON OFFICE | WASHINGTON OFFICE |
| 621 S.W. Morrison, Suite 1415 | 630 Sunnyside Road |
| Portland, OR 97205 | Trout Lake, WA 98610 |
| Telephone: (503) 228-4000 | Telephone: (509) 395-2010 |
| Fax: (503) 273-8842 | Fax: (509) 395-2939 |
| donswillner@aol.com | donswillner@aol.com |

November 18, 2005

VIA FAX (202) 736-0676 AND REGULAR MAIL

Rick Aboussie
Associate General Counsel
Federal Deposit Insurance Corporation
550 17th Street, N.W.
Washington, D.C. 20429-0002

VIA FAX (202) 736-0676 AND REGULAR MAIL

Richard Gill
Federal Deposit Insurance Corporation
550 17th Street, N.W.
Washington, D.C. 20429-0002

Re:    Benj. Franklin

Dear Rick and Richard:

    In the twelve months since we made the offer, which was accepted on Wednesday, November 16, 2005 by the government, we have talked with you about getting all of the paper work completed before the final agreement was approved so that we could immediately start the process of the Fairness Hearing. In an effort to be helpful, Rosemary and I have been turning in the necessary applications, legal memoranda, and drafts of the Fairness Hearing motion and the Notice to Shareholders, starting in December, 2004.

    When Hank Darmstadter called me, after he called Richard Gill, to tell me that the settlement had been approved by the Associate Attorney General, he said that he would be out of town starting December 10, 2005 for the rest of the month of December and

Rick Aboussie
Richard Gill
November 18, 2005
Page 2 of 2

also the first week of January. He suggested we have a Fairness Hearing in January, 2006.

Would it be possible for all of the internal recommendations within the FDIC to be made and reviewed in the near future and the FDIC Board approval obtained? Then the objective would be to file the Unopposed Motion for a Fairness Hearing and the supporting material in the first week of December. With the final government approval obtained, it is my assumption that Richard has forwarded to Hank Darmstadter our draft of the Unopposed Motion, which is really the only matter of concern to Darmstadter. Hank and I agreed that he should have no interest in how FDIC proposes to distribute the money. This is covered in part by an agreement between Bob Clark and myself and in part will depend upon decisions that you still have to make. In the papers that we should file in the first week of December, which we hope Judge Sullivan will sign without a hearing, we should designate a proposed date in January for the Fairness Hearing itself. Since Glenn Glinsmann has had the Benj. Franklin shareholder list for a couple of months, everything should be in readiness to send out the material immediately after Judge Sullivan signs the order for a Fairness Hearing and approves the documents that are going out. Hank is not always on the fast side, but he is now. Let us compare our calendars for yourselves, Hank and our group, and pick a date to suggest to Judge Sullivan.

The FDIC and the shareholders have worked together closely to obtain the government approval. Let us work together closely to get to the Fairness Hearing as soon as possible.

Sincerely,

DON S. WILLNER & ASSOCIATES, P.C.

*Don S. Willner*

Don S. Willner

cc:   Rosemary Stewart

DSW/jrp

# DON S. WILLNER & ASSOCIATES, PC
Don S. Willner
Attorneys at Law
(Licensed in Oregon and Washington)

| OREGON OFFICE | WASHINGTON OFFICE |
|---|---|
| 621 S.W. Morrison, Suite 1415 | 630 Sunnyside Road |
| Portland, OR 97205 | Trout Lake, WA 98650 |
| Telephone: (503) 221-4000 | Telephone: (509) 395-2000 |
| Fax: (503) 273-8842 | Fax: (509) 395-2939 |
| donswillner@aol.com | donswillner@aol.com |

December 30, 2005

**VIA FAX (202) 736-0676 & EXPRESS MAIL**
Richard Gill, Esq
Federal Deposit Insurance Corporation
550 17th Street, NW.
Washington, D.C. 20429-0002

Re:    Benj. Franklin

Dear Richard:

In accordance with our previous phone call I enclose a draft newspaper ad for you to review and then forward to Glenn Glinsmann. He now has everything he needs to get out a prompt mailing to the shareholders, plus the newspaper ads which I recommend he place in several editions of the Portland Oregonian, the Seattle Times, and the Wall Street Journal. I have purposely made it brief so it is more likely to be read. I hope Glinsmann is now producing addressed envelopes so he does not have to start that process after January 10th.

Hank Darmstadter told me before he left that he could be reached by email, and that there are others in his office who can cover for him. Two other lawyer names were signed to the D.O.J. pleadings in the tax case.

Assuming FDIC Board approval at the January 10, 2006 Board meeting, I hope that FDIC can propose and D.O.J. concur immediately thereafter in an unopposed motion and attached notice to shareholders, to be signed by the Judge without a hearing. If he needs a hearing, I should be there.

As we discussed before, I hope everything can go out quickly so we can have a February Fairness Hearing no later than the week of February 20th, which would give the shareholders 30 days notice which is sufficient.

Richard Gill, Esq
December 30, 2015
Page 2 of 2

I have made inquiries of the local Federal Court staff about use of a courtroom in Portland for participation by Pacific Northwest shareholders in the Fairness Hearing. The staff person sees no problem, but a formal letter request should be made to Chief Judge Ancer L. Haggerty, United States District Court, District of Oregon, 1000 S.W. Third Avenue, Portland, OR 97204. They can do video conferencing, or just install a speaker phone in a courtroom. The former would be more expensive (I assume FDIC would pay). This would allow Judge Sullivan to see the speaker in Portland. I think that is not necessary, and as long as they can be heard in Washington, D.C. on a speaker phone that would be sufficient. Since, as everyone periodically reminds us, we are not parties, the written request should probably come from you with a copy to me.

Let us know how we can help move this process along.

Sincerely,

DON S. WILLNER & ASSOCIATES, P.C.

Don S. Willner   per jrp

Enclosure

cc: Rosemary Stewart

DSW/jrp

# DON S. WILLNER & ASSOCIATES, PC
Don S. Willner
Attorneys at Law
(Licensed in Oregon and Washington)

| | |
|---|---|
| OREGON OFFICE | WASHINGTON OFFICE |
| 621 S.W. Morrison, Suite 1415 | 630 Sunnyside Road |
| Portland, OR 97205 | Trout Lake, WA 98650 |
| Telephone: (503) 228-4000 | Telephone: (509) 395-2000 |
| Fax: (503) 273-8842 | Fax: (509) 395-2939 |
| donswillner@aol.com | donswillner@aol.com |

January 23, 2006

<u>VIA FAX (202) 736-0676 AND REGULAR MAIL</u>
Rick Aboussie
Associate General Counsel
Federal Deposit Insurance Corporation
550 17th Street, N.W.
Washington, D.C. 20429-0002

<u>VIA FAX (202) 736-0676 AND REGULAR MAIL</u>
Richard Gill
Federal Deposit Insurance Corporation
550 17th Street, N.W.
Washington, D.C. 20429-0002

Re:   Benj. Franklin

Dear Rick and Richard:

    In the many discussions that I have had with Richard Gill, we have agreed that the mailing about to be made to the shareholders notifying them of the Fairness Hearing should go to all possible shareholders. This means using our list which we forwarded months ago to Mr. Glinsmann.

    My independent CPA Jerry Young, who is in charge of the list, on Thursday received a call from Ben Burke who identified himself as working with Mr. Glinsmann. He told Jerry Young that his instructions were to only use the Manufacturer's Hanover list, which was a list in existence at the time Benj. Franklin was seized on February 21, 1990. In addition to being hopelessly out-of-date, that list would not accurately show who had stock in street name, nor would it show the Benj. Franklin employees' savings accounts which were used to purchase stock. It obviously would not show all of the changes due to death, change of address, or selling the stock to others. When Jerry Young asked Mr. Burke whether he wanted Jerry to update the list with recent changes of addresses that we had received, Mr. Burke said that that was not necessary.

Since Jerry received that letter I have talked Friday morning with Richard Gill and he explained to me that Mr. Burke was mistaken and that the instructions were clearly to use our list so the largest possible number of shareholders could receive notification of the Fairness Hearing. Richard asked me if Jerry Young could sort out the shareholders on our list who are not on the original 1990 list. Jerry can do it and he will be forwarding that to Mr. Glinsmann's office either today (Friday, January 20th), or if that is not possible, on Monday, January 23, 2006.

Later on when FDIC is in position to distribute the balance to the shareholders, I assume that another letter will be written to all possible shareholders explaining what they have to do to meet FDIC requirements of ownership. I have been telling the shareholders that FDIC will be making the determination of ownership, but in the meantime if the original shareholder died, they should contact their personal attorney to legally transfer the stock to the name of the heirs. It is important that they contact their own personal attorney because the probate rules are different in the 50 states.

I think we have this problem solved and Richard and I agree on what should be done, but both of us thought that Mr. Glinsmann's office understood what was wanted months ago when we first sent him the list. I am writing this letter to confirm my conversation with Richard because as attorney of record in the derivative shareholders' suit, I have fiduciary duty to all of the shareholders, not just those who are on the original Manufacturer's Hanover list. We share the common desire to give the widest possible notice to possible shareholders, and to make sure that later distribution only goes to the persons who can prove ownership, but it is crucial to accomplish this result, that all of the potential shareholders receive notice so that they can learn of the probable forthcoming settlement and later learn of the proper procedure to protect their rights.

On another matter, I understand that Richard will very soon be presenting the motion and notice to shareholders to the Court with the hope that it can be presented to the Judge for signature without the necessity of a hearing. The best way would be for Richard to talk to the Court Clerk. If for any reason Judge Sullivan does require a hearing before granting the motion and approving notice to shareholders, I need to be there. In that event I can come to Washington, D.C. on short notice. Let us proceed with the greatest possible speed.

Sincerely,

DON S. WILLNER & ASSOCIATES, P.C.

*Don S. Willner*

Don S. Willner

per jrp

cc: Rosemary Stewart
DSW/jrp

**FDIC**
**Federal Deposit Insurance Corporation**
550 17th St. NW, Washington DC 20429          Legal Division

## FOR SETTLEMENT PURPOSES ONLY
## SUBJECT TO FED. R. EVID. 408

January 25, 2006

<u>VIA FACSIMILE</u>
Don S. Willner, Esq.
630 Sunnyside Road
Trout Lake, Washington 98650

Re:    <u>United States v. FDIC</u>, Civ. No. 02-1427 (D.D.C.)

Dear Mr. Willner:

    The FDIC has received your letter dated January 23, 2006, relating to the form of notice to be sent to the shareholders of Benj. Franklin. The FDIC shares your concern that the FDIC attempt to locate all the current shareholders of Benj. Franklin.

    To that end, the FDIC proposes to send notice to all the shareholders of Benj. Franklin at the time of its failure as well as the supplemental list that will be submitted to the FDIC by Jerry Young. The FDIC will also publish a notice in three newspapers subsequent to Judge Sullivan's approval of the form of notice. The FDIC is also in the process of establishing appropriate procedures for the shareholders of Benj. Franklin to demonstrate proof of ownership of the common stock of Benj. Franklin.

    If you have any questions regarding the matters discussed in this letter, please do not hesitate to contact me.

Sincerely,

*Richard S. Gill*

Richard S. Gill
Counsel

Don - F.Y.I.
2 pgs.

file

# DON S. WILLNER & ASSOCIATES, PC
Don S. Willner
(Licensed in Oregon and Washington)

| OREGON OFFICE | WASHINGTON OFFICE |
|---|---|
| 621 S.W. Morrison, Suite 1415 | 630 Sunnyside Road |
| Portland, OR 97205 | Trout Lake, WA 98650 |
| Telephone: (503) 228-4000 | Telephone: (509) 395-2000 |
| Fax: (503) 273-8842 | Fax: (509) 395-2939 |
| donswillner@aol.com | donswillner@aol.com |

January 30, 2006

VIA FAX (202) 307-0054 AND REGULAR MAIL
Henry Darmstadter, Trial Attorney
Civil Trial Section, Western Region
P.O. Box 683
Benj. Franklin Station
Washington, D.C. 20044

VIA FAX (202) 736-0676 & REGULAR MAIL
Richard Gill
Federal Deposit Insurance Corporation
550 17th Street, N.W.
Washington, D.C. 20429-0002

Re:  Benj. Franklin Federal Savings & Loan Association

Dear Hank and Richard:

    We all have been trying to get the unopposed motion and Notice to Shareholders to the Federal Court since November 16, 2005, the date of the Attorney General approval. The shareholders and I hope you can get them filed in the next day or two.

    I hope the Judge will sign the proposed Order without a hearing. If the Judge requires a hearing, please seek the earliest possible date. I need to be present, and can come on short notice.

    I had first hoped that the Fairness Hearing would be in January. Now I hope it will be in February. If it has to go over to March, please make it early in March. I have a two week trial in Federal Court in Portland in April.