```
             UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF COLUMBIA

---------------------------------x
WINSTON & STRAWN, LLP, et al.,   :
                                 :
          Plaintiffs,            :
                                 :
     v.                          : No. 06-01120 (EGS)
                                 :     06-01227 (EGS)
FEDERAL DEPOSIT INSURANCE        :     06-01273 (EGS)
CORPORATION,                     :
                                 :
          Defendant.             :
---------------------------------x
```

                                    Washington, D.C.

                         Wednesday, January 17, 2007

Deposition of

                GLENN GLINSMANN

a witness, called for examination by counsel for
Plaintiffs, pursuant to notice and agreement of
counsel, beginning at approximately 1:00 p.m., at
the law offices of Winston & Strawn, 1700 K Street,
NW., Washington, D.C., before Mary Ann Payonk of
Beta Court Reporting, notary public in and for the
District of Columbia, when were present on behalf
of the respective parties:

                                                     2

1    APPEARANCES:

2       On behalf of Winston & Strawn, LLP:

14   A   Probably 20 to 25.

15   Q   Does. Does FDIC have written
16   guidelines for evaluating attorney fee
17   petitions?

18   A   Can't say specifically that there's
19   written guidelines. We have, you know, a
20   policy that if an account officer fails, it's
21   deemed necessary to get a -- a evaluation and
22   legal fees, we would do that.

7

1   Q   But what I'm -- all right. Are
2   there any written or even oral policies which
3   say -- which guide you in evaluating an
4   attorney fee petition?

5   A   I believe there's an oral policy
6   that we would refer to our legal in-house
7   staff any fee bills, things like that, that
8   would be presented for a claim.

9   Q   All right. In these 20 or so
10   previous fee petitions that you evaluated,
11   were they all for attorneys who were hired by
12   the FDIC?

13   A   No, they were not.

14   Q   In what other situations did you
15   evaluate fee petitions, attorney fee

16  petitions?
17  A   Outside counsel submitted claim for
18  payment on, you know, a claim where they may
19  have been for the bank, you know, prior to
20  the bank closing, something of that nature.
21  Q   Can you think of any other
22  situations where you evaluated attorney fee

8

1   petitions other than attorneys who worked for
2   the institution before -- before they were
3   seized?
4   A   No, I don't believe so.
5   Q   Have you ever been involved in
6   evaluating a fee petition of attorneys in a
7   situation like this where we were not
8   required by the FDIC?
9   A   I guess I need a little
10  clarification on your specific question. I
11  mean, did I -- you asked me did I personally
12  -- have I personally evaluated that, or in
13  conjunction with our -- our attorneys?
14  Q   All right. Well, let's -- I'll
15  come back to that other question.
16      What role did you play in the
17  evaluation of my fee petition?

```
                    AAGLINSMANN[2].txt
18     A    Primarily in my -- the information
19   which you had -- technically, you had
20   provided.  But copies of any documents you
21   sent with your claim was provided to our
22   attorney, Richard Gill.


                 BETA COURT REPORTING
                  www.betareporting.com
            (202) 464-2400      800-522-2382
```

                                                                9

```
1      Q    Are you aware of the fact that
2   Richard Gill instructed me or my attorney,
3   Kelly Fletcher, to mail copies of our fee
4   petition and supplements to you in Texas?
5      A    Yes, I am.
6      Q    Did you personally read my fee
7   petition?
8      A    I looked at -- I guess.  I did as
9   far as reviewing it, I didn't review every
10  line item, no.
11     Q    Did anyone on your staff in Texas
12  read through my entire fee petition?
13     A    I don't believe so.
14     Q    All right.  In addition to my fee
15  petition and supplements, did you receive
16  additional material in support of my fee
17  petition from my attorney, Kelly Fletcher?
18     A    I believe he sent possibly two
19  supplements, number 6, number 7.
20     Q    All right.  Did you also receive
```
                            Page 8

1  correspondence with Bruce. Since Richard has
2  been proffered as the -- Richard Gill has
3  been proffered as the primary fact witness
4  for the FDIC, at least in my case, maybe in
5  yours, I feel that's a waiver of the
6  privilege and that I'm entitled to question
7  about his conversations with Glenn Smith.
8  Bruce disagrees, but that's the basis of my
9  -- the position I take.
10         MR. BUCHANAN: Okay.
11         BY MR. WILLNER:
12   Q   Do you know if my fee petition was
13  evaluated in any way different from the way
14  you evaluated the fee petitions of attorneys
15  you had under contract?
16   A   No, I'm not -- not aware of that,
17  no.
18         MR. WILLNER: I've asked that you
19  be provided and I would like the court
20  reporter to mark as Exhibit Number 1.
21         (Deposition Exhibit No. 1 was
22         marked for identification.)

```
 1            BY MR. WILLNER:
 2        Q    Exhibit 1 is a letter dated May 19,
 3   2006, signed by you to me which was notice of
 4   partial disallowance of claim for reasonable
 5   attorneys' fees. I've asked that that be
 6   provided to you for this deposition. Do you
 7   have it in front of you?
 8        A    Yes, I do.
 9        Q    Did you write that document?
10        A    I did not actually write the
11   document, no.
12        Q    Did you write any part of that
13   document?
14        A    The final version, no. I provided
15   Mr. Gill with a sample of our form letter
16   that we use and then he entered the
17   information that, you know, he thought was --
18   needed to be put into the letter.
19        Q    And that was your only contribution
20   to the wording of the letter?
21        A    That would be correct.
22        Q    I think what you're telling me --
```

14

```
 1   and let me make sure of this -- is that
```

2    Richard Gill made the decision on the
3    contents of Exhibit Number 1. Is that
4    correct?
5        A    Yes.
6        Q    Aside from the Benj. Franklin fee
7    petitions, have you ever signed any attorney
8    fee decisions which were not decisions made
9    by you or your staff?
10       A    I -- I need a clarification on
11   that. Again, I'm not sure I quite understood
12   the question.
13       Q    Well, in this case, in my case, you
14   signed the fee petition. And my question is:
15   Aside from my case -- I'll change the
16   question slightly.
17            Aside from my case, are there any
18   occasions when you signed an order on a fee
19   petition where the decision was not made by
20   you or your staff?
21       A    I have -- yes, I'd say I would
22   answer that yes.

BETA COURT REPORTING
www.betareporting.com
(202) 464-2400        800-522-2382

15

1        Q    All right. What occasions?
2        A    Well, in -- in general, we would do
3    that in the claims account office or claim

Page 13

10 determined.

11 Q Okay. Could you detail for me any
12 substantive analysis you actually performed
13 on the claim itself?

14 A Basically, I believe I went through
15 and, you know, looked at the numbers that
16 were provided for the different things just
17 to ensure that they were -- you know, totaled
18 up to what the claim was proposed to be.

19 Q Okay. So you just kind of did an
20 accounting of the claim to make sure that the
21 sums equalled all the parts?

22 A Correct.

18

1 Q You didn't perform any substantive
2 analysis of the individual line items?

3 A No, I did not.

4 Q So is it fair to say that you
5 relied wholly on Mr. Gill's recommendation
6 for the claim?

7 A Yes.

8 Q You mentioned earlier there was an
9 oral policy with regards to evaluating these
10 claims. Could you be more specific about
11 what that oral policy exactly states?