# WILLNER U'REN & HOOTON, LLP

ATTORNEYS AT LAW
SUITE 303
111 S.W. NAITO PARKWAY
PORTLAND, OREGON 97204-3500
TELEPHONE (503) 228-4000
FAX (503) 228-4261

ATTORNEYS
Don S. Willner*
Matthew U'Ren*
Donald M. Hooton
Constance Wold
*Licensed in Oregon and Washington

PARALEGAL
Leslie Martinez-Muñoz

STAFF
Misty Plock
Gloria Flores
Sarah Waltemath
Krystle McKinnon

Se habla español

May 20, 2002

<u>Via Facsimile and Regular Mail</u>

Bruce Taylor
FDIC Legal Division
550 17th Street, N.W.
PA 1730, Suite 300
Washington DC 20429

Re:   Benj. Franklin Taxes

EXHIBIT NO. 5
Wit:
Date: 1-17-07
Rptr:

Dear Bruce:

This letter is a follow-up to our discussion by telephone of last week and my earlier letter of May 10, 2002, a copy of which is enclosed. We want FDIC to hire Mike Duhl for further work on Benj. Franklin taxes or allow us to hire him.

I have talked to Mike Duhl. He says that the position he would espouse in this case is the same position that he has espoused on behalf of numerous other FDIC receiverships. Accordingly, he does not understand that any conflict exists from which to seek a waiver.

I view this matter as carrying out the agreement between the <u>Suess</u> plaintiffs dated January 25, 1999 and the implementing agreement of March 15, 1999, copies of which are enclosed.

On January 25, 1999 we agreed, "FDIC-FRF-RTC, having duties to the shareholders, intends to make a good faith effort to minimize the IRS tax claim against the receivership."

Then on March 15, 1999 we agreed, "The FDIC agrees to engage Michael Duhl forthwith as a tax consultant to advise FDIC and assist in negotiations with IRS regarding what tax, if any, the Benjamin Franklin receivership owes to IRS."

Mr. Duhl tells me that previously he and others understood that the Inter-Agency Agreement and the certifications required under that agreement gave IRS binding authority to

Page 2
May 20, 2002

resolve any difference of opinion in cases to which the agreement applied. I have provided Mr. Duhl with a copy of the Inter-Agency Agreement, which you kindly provided to me. It is clear to him and to me that the certifications previously filed by RTC and FDIC were incorrect therefore the Inter-Agency Agreement, by its express terms, does not apply to the Benj. Franklin receivership.

Based upon this new vital information, it is clear that the agreement of January 25, 1999 requires that as part of your good faith effort to minimize the IRS tax claim against the receivership you either request further tax consultant services from Mr. Duhl and consult with him as to the best strategy for dealing with the IRS, or raise no objection to our retaining Mr. Duhl.

FDIC-FRF-RTC has been our co-plaintiff in this litigation and we are on the same side of this issue. We both want to use our best efforts to minimize the IRS tax claim against the receivership. We agree that Mr. Duhl is the best qualified person to proceed on our behalf, and he believes the FFA tax assessed by the IRS is incorrect. We do not want a lawsuit with our long time friend and co-plaintiff, the FDIC, which if necessary would be filed in the U.S. District Court for the District of Oregon. We ask that FDIC reconsider its position based upon the two agreements.

Neither Mr. Duhl nor I believe that there is any conflict in Mr. Duhl representing us, but that issue does not need to be resolved if you will re-hire Mr. Duhl in accordance with your contractual agreement with us, and let him pursue the matter on your behalf.

Our agreement on January 25, 1999 also requires FDIC to "To keep the plaintiffs informed about negotiations with the IRS." Since the issue of whether the FFA tax should be part of our restitution damages is still unresolved either by Judge Smith, or by the U.S. Court of Appeals for the Federal Circuit we trust that you will not make any payment to the IRS without advance notice to us and without our consent.

Let us work together in accordance with our agreed upon duties to the Benj. Franklin shareholders.

                                        Sincerely yours,

                                        WILLNER U'REN & HOOTON, LLP

                                        *Don S. Willner* (km)

                                        Don S. Willner

DSW:km
encl: 3