# DECLARATION OF BENJ. FRANKLIN SHAREHOLDER

I, **ROBERT W. SHANK**, declare under penalty of perjury under the laws of the United States and the State of Oregon that the following is true and correct to the best of my knowledge and belief.

1. I am a shareholder of Benj. Franklin Federal Savings and Loan Association and own or control **409** shares.

2. Before the seizure of Benj. Franklin on February 21, 1990, I was **TAX MANAGER** of Benj. Franklin.
   Title
   [Add plaintiff status where applicable]

3. Don Willner has been the attorney for Benj. Franklin matters for almost 17 years. I am familiar with his excellent work on our behalf.

4. I am advised that Don Willner has been paid only $62.50 per hour for his time until 1996, and $125 per hour for his time from 1996 to the present, with the understanding that he would seek a reasonable attorney fee out of any common fund which later came into being.

5. I am further advised that as a result of his efforts as lead counsel, and the efforts of others, the $1.2 billion IRS claim has been reduced to $50 million and money is now available for reasonable attorney fees.

6. I am further advised that the Federal Deposit Insurance Corporation, the Receiver of Benj. Franklin, has recommended that Don Willner receive a lower hourly rate than the Washington D.C. and Kansas City attorneys who have worked on this tax matter under Don Willner's leadership.

7. I support the Complaint of the law firm of Don S. Willner and Associates, P.C. for the payment of $782,110.24 for attorney fees plus actual expenses for work on this tax matter.

Executed at **LAKE OSWEGO, OREGON**

Date: March **7**, 2007   *Robert W. Shank*
                          signature

## DECLARATION OF BENJ. FRANKLIN SHAREHOLDER

I, APRIL A. SMITH, declare under penalty of perjury under the laws of the United States and the State of Oregon that the following is true and correct to the best of my knowledge and belief.

1. I am WAS AN a shareholder of Benj. Franklin Federal Savings and Loan Association and own or control OWNED OR CONTROLLED 1,000 shares.

2. Before the seizure of Benj. Franklin on February 21, 1990, I was ASSISTANT VICE PRESIDENT of Benj. Franklin.
   *Title*

   *[Add plaintiff status where applicable]*

3. Don Willner has been the attorney for Benj. Franklin matters for almost 17 years. I am familiar with his excellent work on our behalf.

4. I am advised that Don Willner has been paid only $62.50 per hour for his time until 1996, and $125 per hour for his time from 1996 to the present, with the understanding that he would seek a reasonable attorney fee out of any common fund which later came into being.

5. I am further advised that as a result of his efforts as lead counsel, and the efforts of others, the $1.2 billion IRS claim has been reduced to $50 million and money is now available for reasonable attorney fees.

6. I am further advised that the Federal Deposit Insurance Corporation, the Receiver of Benj. Franklin, has recommended that Don Willner receive a lower hourly rate than the Washington D.C. and Kansas City attorneys who have worked on this tax matter under Don Willner's leadership.

7. I support the Complaint of the law firm of Don S. Willner and Associates, P.C. for the payment of $782,110.24 for attorney fees plus actual expenses for work on this tax matter.

Executed at STONINGTON, CONNECTICUT

Date: March 8, 2007    April A. Smith
                       *signature*

# DECLARATION OF BENJ. FRANKLIN SHAREHOLDER

I, _Michael G Thorne_, declare under penalty of perjury under the laws of the United States and the State of Oregon that the following is true and correct to the best of my knowledge and belief.

1. I am a shareholder of Benj. Franklin Federal Savings and Loan Association and own or control _6800_ shares.

2. Before the seizure of Benj. Franklin on February 21, 1990, I was _a member of - The Board of Directors_ of Benj. Franklin.
   Title
   [Add plaintiff status where applicable]

3. Don Willner has been the attorney for Benj. Franklin matters for almost 17 years. I am familiar with his excellent work on our behalf.

4. I am advised that Don Willner has been paid only $62.50 per hour for his time until 1996, and $125 per hour for his time from 1996 to the present, with the understanding that he would seek a reasonable attorney fee out of any common fund which later came into being.

5. I am further advised that as a result of his efforts as lead counsel, and the efforts of others, the $1.2 billion IRS claim has been reduced to $50 million and money is now available for reasonable attorney fees.

6. I am further advised that the Federal Deposit Insurance Corporation, the Receiver of Benj. Franklin, has recommended that Don Willner receive a lower hourly rate than the Washington D.C. and Kansas City attorneys who have worked on this tax matter under Don Willner's leadership.

7. I support the Complaint of the law firm of Don S. Willner and Associates, P.C. for the payment of $782,110.24 for attorney fees plus actual expenses for work on this tax matter.

Executed at _Borrego Springs, California_

Date: March _10th_, 2007    _Michael G. Thorne_
                              signature

## DECLARATION OF BENJ. FRANKLIN SHAREHOLDER

I, ~~the Estate of Michael G. Foster~~ John R. Tomlinson, Executor of, declare under penalty of perjury under the laws of the United States and the State of Oregon that the following is true and correct to the best of my knowledge and belief.

1. I am ~~a shareholder~~ the Executor of the Estate of Michael G. Foster of Benj. Franklin Federal Savings and Loan Association and own or control 242,600 shares. *Michael G. Foster*

2. Before the seizure of Benj. Franklin on February 21, 1990, I was __a shareholder__ of Benj. Franklin.
   Title
   [Add plaintiff status where applicable]

3. Don Willner has been the attorney for Benj. Franklin matters for almost 17 years. I am familiar with his excellent work on our behalf.

4. I am advised that Don Willner has been paid only $62.50 per hour for his time until 1996, and $125 per hour for his time from 1996 to the present, with the understanding that he would seek a reasonable attorney fee out of any common fund which later came into being.

5. I am further advised that as a result of his efforts as lead counsel, and the efforts of others, the $1.2 billion IRS claim has been reduced to $50 million and money is now available for reasonable attorney fees.

6. I am further advised that the Federal Deposit Insurance Corporation, the Receiver of Benj. Franklin, has recommended that Don Willner receive a lower hourly rate than the Washington D.C. and Kansas City attorneys who have worked on this tax matter under Don Willner's leadership.

7. I support the Complaint of the law firm of Don S. Willner and Associates, P.C. for the payment of $782,110.24 for attorney fees plus actual expenses for work on this tax matter.

Executed at __Palm Springs, California__

Date: March __14__, 2007    _____, Executor
                                    signature

## DECLARATION OF BENJ. FRANKLIN SHAREHOLDER

I, __Peter Baker__, declare under penalty of perjury under the laws of the United States and the State of Oregon that the following is true and correct to the best of my knowledge and belief.

1. I am a shareholder of Benj. Franklin Federal Savings and Loan Association and own or control __55,800__ shares.

2. Before the seizure of Benj. Franklin on February 21, 1990, I was _____ of Benj. Franklin.
   *Title*
   *[Add plaintiff status where applicable]*

3. Don Willner has been the attorney for Benj. Franklin matters for almost 17 years. I am familiar with his excellent work on our behalf.

4. I am advised that Don Willner has been paid only $62.50 per hour for his time until 1996, and $125 per hour for his time from 1996 to the present, with the understanding that he would seek a reasonable attorney fee out of any common fund which later came into being.

5. I am further advised that as a result of his efforts as lead counsel, and the efforts of others, the $1.2 billion IRS claim has been reduced to $50 million and money is now available for reasonable attorney fees.

6. I am further advised that the Federal Deposit Insurance Corporation, the Receiver of Benj. Franklin, has recommended that Don Willner receive a lower hourly rate than the Washington D.C. and Kansas City attorneys who have worked on this tax matter under Don Willner's leadership.

7. I support the Complaint of the law firm of Don S. Willner and Associates, P.C. for the payment of $782,110.24 for attorney fees plus actual expenses for work on this tax matter.

Executed at __Rancho Mirage, CA__

Date: March __9__, 2007    __[signature]__
                                 signature

I, __G. DALE WEIGHT__, declare under penalty of perjury under the laws of the United States and the State of Oregon that the following is true and correct to the best of my knowledge and belief.

1. I am a shareholder of Benj. Franklin Federal Savings and Loan Association and own or control __35,935__ shares.

2. Before the seizure of Benj. Franklin on February 21, 1990, I was __CHAIRMAN + CEO__ of Benj. Franklin.
   Title
   *[Add plaintiff status where applicable]*

3. Don Willner has been the attorney for Benj. Franklin matters for almost 17 years. I am familiar with his excellent work on our behalf.

4. I am advised that Don Willner has been paid only $62.50 per hour for his time until 1996, and $125 per hour for his time from 1996 to the present, with the understanding that he would seek a reasonable attorney fee out of any common fund which later came into being.

5. I am further advised that as a result of his efforts as lead counsel, and the efforts of others, the $1.2 billion IRS claim has been reduced to $50 million and money is now available for reasonable attorney fees.

6. I am further advised that the Federal Deposit Insurance Corporation, the Receiver of Benj. Franklin, has recommended that Don Willner receive a lower hourly rate than the Washington D.C. and Kansas City attorneys who have worked on this tax matter under Don Willner's leadership.

7. I support the Complaint of the law firm of Don S. Willner and Associates, P.C. for the payment of $782,110.24 for attorney fees plus actual expenses for work on this tax matter.

Executed at __Portland Oregon__

Date: March __8__, 2007    __/s/ Dalulight__
                                    signature

## DECLARATION OF BENJ. FRANKLIN SHAREHOLDER

I, __Dale C. Bottom__, declare under penalty of perjury under the laws of the United States and the State of Oregon that the following is true and correct to the best of my knowledge and belief.

1. I am a shareholder of Benj. Franklin Federal Savings and Loan Association and own or control __200__ shares.

2. Before the seizure of Benj. Franklin on February 21, 1990, I was __A Stock Holder__ of Benj. Franklin.
   *Title*
   *[Add plaintiff status where applicable]*

3. Don Willner has been the attorney for Benj. Franklin matters for almost 17 years. I am familiar with his excellent work on our behalf.

4. I am advised that Don Willner has been paid only $62.50 per hour for his time until 1996, and $125 per hour for his time from 1996 to the present, with the understanding that he would seek a reasonable attorney fee out of any common fund which later came into being.

5. I am further advised that as a result of his efforts as lead counsel, and the efforts of others, the $1.2 billion IRS claim has been reduced to $50 million and money is now available for reasonable attorney fees.

6. I am further advised that the Federal Deposit Insurance Corporation, the Receiver of Benj. Franklin, has recommended that Don Willner receive a lower hourly rate than the Washington D.C. and Kansas City attorneys who have worked on this tax matter under Don Willner's leadership.

7. I support the Complaint of the law firm of Don S. Willner and Associates, P.C. for the payment of $782,110.24 for attorney fees plus actual expenses for work on this tax matter.

Executed at __Burr Ridge, IL__

Date: March __11__, 2007                    __Dale C. Bottom__
                                            *signature*

## DECLARATION OF BENJ. FRANKLIN SHAREHOLDER

I, **Robert A. Davison**, declare under penalty of perjury under the laws of the United States and the State of Oregon that the following is true and correct to the best of my knowledge and belief.

1. I am a shareholder of Benj. Franklin Federal Savings and Loan Association and own or control **210** shares.

2. Before the seizure of Benj. Franklin on February 21, 1990, I was
    **Vice President** of Benj. Franklin.
    *Title*
    ...[Add plaintiff status where applicable]

3. Don Willner has been the attorney for Benj. Franklin matters for almost 17 years. I am familiar with his excellent work on our behalf.

4. I am advised that Don Willner has been paid only $62.50 per hour for his time until 1996, and $125 per hour for his time from 1996 to the present, with the understanding that he would seek a reasonable attorney fee out of any common fund which later came into being.

5. I am further advised that as a result of his efforts as lead counsel, and the efforts of others, the $1.2 billion IRS claim has been reduced to $50 million and money is now available for reasonable attorney fees.

6. I am further advised that the Federal Deposit Insurance Corporation, the Receiver of Benj. Franklin, has recommended that Don Willner receive a lower hourly rate than the Washington D.C. and Kansas City attorneys who have worked on this tax matter under Don Willner's leadership.

7. I support the Complaint of the law firm of Don S. Willner and Associates, P.C. for the payment of $782,110.24 for attorney fees plus actual expenses for work on this tax matter.

Executed at **Portland, OR**

Date: March **9**, 2007         **Robert A. Davison**
                                  *signature*

I, _Robert E. Downie_, declare under penalty of perjury under the laws of the United States and the State of Oregon that the following is true and correct to the best of my knowledge and belief.

1. I am a shareholder of Benj. Franklin Federal Savings and Loan Association and own or control _4287_ shares.

2. Before the seizure of Benj. Franklin on February 21, 1990, I was _MEMBER, BOARD OF DIRECTORS_ of Benj. Franklin.
   Title
   [Add plaintiff status where applicable]

3. Don Willner has been the attorney for Benj. Franklin matters for almost 17 years. I am familiar with his excellent work on our behalf.

4. I am advised that Don Willner has been paid only $62.50 per hour for his time until 1996, and $125 per hour for his time from 1996 to the present, with the understanding that he would seek a reasonable attorney fee out of any common fund which later came into being.

5. I am further advised that as a result of his efforts as lead counsel, and the efforts of others, the $1.2 billion IRS claim has been reduced to $50 million and money is now available for reasonable attorney fees.

6. I am further advised that the Federal Deposit Insurance Corporation, the Receiver of Benj. Franklin, has recommended that Don Willner receive a lower hourly rate than the Washington D.C. and Kansas City attorneys who have worked on this tax matter under Don Willner's leadership.

7. I support the Complaint of the law firm of Don S. Willner and Associates, P.C. for the payment of $782,110.24 for attorney fees plus actual expenses for work on this tax matter.

Executed at _Anacortes, Wa_

Date: March _12_, 2007        _Robert Downie_
                                   signature

## DECLARATION OF BENJ. FRANKLIN SHAREHOLDER

I, Craig E. Gess, declare under penalty of perjury under the laws of the United States and the State of Oregon that the following is true and correct to the best of my knowledge and belief.

1. I am a shareholder of Benj. Franklin Federal Savings and Loan Association and own or control __163__ shares.

2. Before the seizure of Benj. Franklin on February 21, 1990, I was __V.P. / General Counsel__ of Benj. Franklin.
   Title
   *[Add plaintiff status where applicable]*

3. Don Willner has been the attorney for Benj. Franklin matters for almost 17 years. I am familiar with his excellent work on our behalf.

4. I am advised that Don Willner has been paid only $62.50 per hour for his time until 1996, and $125 per hour for his time from 1996 to the present, with the understanding that he would seek a reasonable attorney fee out of any common fund which later came into being.

5. I am further advised that as a result of his efforts as lead counsel, and the efforts of others, the $1.2 billion IRS claim has been reduced to $50 million and money is now available for reasonable attorney fees.

6. I am further advised that the Federal Deposit Insurance Corporation, the Receiver of Benj. Franklin, has recommended that Don Willner receive a lower hourly rate than the Washington D.C. and Kansas City attorneys who have worked on this tax matter under Don Willner's leadership.

7. I support the Complaint of the law firm of Don S. Willner and Associates, P.C. for the payment of $782,110.24 for attorney fees plus actual expenses for work on this tax matter.

Executed at __Moraga, CA__

Date: March __12__, 2007          _____
                                   signature

I, __Barbara M. Gibbs__, declare under penalty of perjury under the laws of the United States and the State of Oregon that the following is true and correct to the best of my knowledge and belief.

1. I am a shareholder of Benj. Franklin Federal Savings and Loan Association and own or control __162__ shares.

2. Before the seizure of Benj. Franklin on February 21, 1990, I was __Assistant Treasurer__ of Benj. Franklin.
   Title
   *[Add plaintiff status where applicable]*

3. Don Willner has been the attorney for Benj. Franklin matters for almost 17 years. I am familiar with his excellent work on our behalf.

4. I am advised that Don Willner has been paid only $62.50 per hour for his time until 1996, and $125 per hour for his time from 1996 to the present, with the understanding that he would seek a reasonable attorney fee out of any common fund which later came into being.

5. I am further advised that as a result of his efforts as lead counsel, and the efforts of others, the $1.2 billion IRS claim has been reduced to $50 million and money is now available for reasonable attorney fees.

6. I am further advised that the Federal Deposit Insurance Corporation, the Receiver of Benj. Franklin, has recommended that Don Willner receive a lower hourly rate than the Washington D.C. and Kansas City attorneys who have worked on this tax matter under Don Willner's leadership.

7. I support the Complaint of the law firm of Don S. Willner and Associates, P.C. for the payment of $782,110.24 for attorney fees plus actual expenses for work on this tax matter.

Executed at __Portland, Oregon__

Date: March __8__, 2007   __Barbara M. Gibbs__
                                      signature

I, __Richard A. Green__, declare under penalty of perjury under the laws of the United States and the State of Oregon that the following is true and correct to the best of my knowledge and belief.

1. I am a shareholder of Benj. Franklin Federal Savings and Loan Association and own or control __10,000__ shares.

2. I am a named plaintiff in the *Suess, et. al v. United States* suit before the United States Court of Federal Claims.

3. Don Willner has been our attorney of record for Benj. Franklin matters for almost 17 years. I am familiar with his excellent work on our behalf.

4. I am advised that Don Willner has been paid only $60 per hour for his time until 1996, and $125 per hour for his time from 1996 to the present, with the understanding that he would seek a reasonable attorney fee out of any common fund which later came into being.

5. I am further advised that as a result of his efforts as attorney of record and lead counsel for the Benj. plaintiffs, and with the assistance of others, the $1.2 billion IRS claim has been reduced to $50 million and money is now available for reasonable attorney fees.

6. I am further advised that the Federal Deposit Insurance Corporation, the Receiver of Benj. Franklin, has recommended that Don Willner receive a lower hourly rate than the Washington D.C. and Kansas City attorneys who have assisted on this tax matter under Don Willner's leadership.

7. I support the Complaint of the law firm on Don S. Willner and Associates, P.C. for the payment of $782,110.24 for attorney fees plus actual expenses for work on this tax matter.

Executed at:  Annandale, Virginia

Date: March 08, 2007

_Richard G. Green_
*signature*

I, Don McIntyre, declare under penalty of perjury under the laws of the United States and the State of Oregon that the following is true and correct to the best of my knowledge and belief.

1. I am a shareholder of Benj. Franklin Federal Savings and Loan Association and own or control 12,737 shares.

2. Before the seizure of Benj. Franklin on February 21, 1990, I was ____Executive Vice President____ of Benj. Franklin.
   *Title*

3. Don Willner has been the attorney for Benj. Franklin matters for almost 17 years. I am familiar with his excellent work on our behalf.

4. I am advised that Don Willner has been paid only $62.50 per hour for his time until 1996, and $125 per hour for his time from 1996 to the present, with the understanding that he would seek a reasonable attorney fee out of any common fund which later came into being.

5. I am further advised that as a result of his efforts as lead counsel, and the efforts of others, the $1.2 billion IRS claim has been reduced to $50 million and money is now available for reasonable attorney fees.

6. I am further advised that the Federal Deposit Insurance Corporation, the Receiver of Benj. Franklin, has recommended that Don Willner receive a lower hourly rate than the Washington D.C. and Kansas City attorneys who have worked on this tax matter under Don Willner's leadership.

7. I support the Complaint of the law firm of Don S. Willner and Associates, P.C. for the payment of $782,110.24 for attorney fees plus actual expenses for work on this tax matter.

Executed at __Indio, CA__

Date: March __9__, 2007    __Donald W. McIntyre__
                              *signature*

## DECLARATION OF BENJ. FRANKLIN SHAREHOLDER

I, __LEO C SHERRY__, declare under penalty of perjury under the laws of the United States and the State of Oregon that the following is true and correct to the best of my knowledge and belief.

1. I am a shareholder of Benj. Franklin Federal Savings and Loan Association and own or control __5998__ shares.

2. Before the seizure of Benj. Franklin on February 21, 1990, I was __A SHAREHOLDER__ of Benj. Franklin.
   Title
   [Add plaintiff status where applicable]

3. Don Willner has been the attorney for Benj. Franklin matters for almost 17 years. I am familiar with his excellent work on our behalf.

4. I am advised that Don Willner has been paid only $62.50 per hour for his time until 1996, and $125 per hour for his time from 1996 to the present, with the understanding that he would seek a reasonable attorney fee out of any common fund which later came into being.

5. I am further advised that as a result of his efforts as lead counsel, and the efforts of others, the $1.2 billion IRS claim has been reduced to $50 million and money is now available for reasonable attorney fees.

6. I am further advised that the Federal Deposit Insurance Corporation, the Receiver of Benj. Franklin, has recommended that Don Willner receive a lower hourly rate than the Washington D.C. and Kansas City attorneys who have worked on this tax matter under Don Willner's leadership.

7. I support the Complaint of the law firm of Don S. Willner and Associates, P.C. for the payment of $782,110.24 for attorney fees plus actual expenses for work on this tax matter.

Executed at __PORTLAND, OR__

Date: March __13__, 2007    __Leo C Sherry__
                                signature