I, Don S. Willner, declare under penalty of perjury under the laws of the United States and the State of Washington that the following is true and correct to the best of my knowledge and belief.

1. I have been the attorney of record for the Benj. Franklin shareholders since 1990 in the Claims Court case, the Oregon Federal Court case, and in the tax settlement case before this Court.

2. FDIC was co-counsel with the shareholder attorneys in the 1999 damages trial before the Claims Court.

3. Based upon the over 8000 hours I have personally spent on the Benj. Franklin shareholder cases the following is a correct summary of information contained in dozens of documents and pages of testimony. Benj. Franklin was seized by the government on February 21, 1990. It was founded in 1925, survived the Great Depression, became the largest savings and loan in Oregon, and was profitable for 16 consecutive calendar quarters before Congress breached the government contract with Benj. Franklin and hundreds of other institutions by retroactively removing a huge capital asset from the books of the institutions. Claims Court Judge Loren Smith has found that Benj. (as it was affectionately called in Oregon) would have survived adverse economic conditions but for the government's breach of contract. Most of the assets of what FDIC in its brief disparagingly calls a "failed thrift," were sold to Bank of America in 1990 for a record high premium. Benj. was profitable in the conservatorship

1

receiverships with a surplus. It is almost unique in the savings and loan

debacle and the later litigation arising from the government seizures of

savings and loans.

4.  Mr. Suess was not present at any of discussions between shareholder

    attorneys, FDIC, and the Department of Justice.

5.  The Willner firm has never received more than $62.50 and later $125, per

    hour for its successful efforts for the past almost 17 years.

6.  The IRS had delayed collection of the tax pursuant to this Agreement and

    FDIC, as the successor to RTC, accepted the terms of the Inter-Agency

    Agreement (information from the Mike Duhl deposition which was submitted

    to Judge Haggarty in the Oregon proceedings).

7.  C. Robert Sues is my former client who in 2002 filed a complaint against me

    with the Oregon State Bar which was found to be without merit and was

    dismissed by the Bar. Mr. Suess within the last month has filed a second bar

    complaint against me which I hope will also soon be dismissed as without

    merit.

8.  The 2000 Oregon breach of fiduciary duty suit against FDIC was only

    dismissed by stipulation in 2006.

9.  I filed a precautionary Notice of Appeal from the Oregon Federal Court order

    denying the preliminary injunction but did not pursue it because it appears

    clear that FDIC was not going to pay any tax money to IRS during the

    pendency of the Oregon case.

10. In consulting for another law firm in a similar savings and loan case eight or nine years ago, I received $375 per hour which translates to over $500 per hour now.

11. The final decision on all offers made by FDIC was first approved by me in consultation with the other shareholders attorneys.

12. Shareholder attorneys had been discussing with FDIC the failure of RTC to claim the $258 million deduction.

13. There were many discussions between shareholder attorneys, Department of Justice, and FDIC that a settlement could best be achieved by agreeing on an arbitrary number which was unrelated to any of the technical arguments made by the parties.

Executed at Palm Desert, California

Date: __March 15, 2007__          _____

                                          Don S. Willner