UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLACKWELL SANDERS PEPER MARTIN, LLP, a Missouri limited liability partnership, and ERNEST M. FLEISCHER, et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for the Benj. Franklin Federal Savings and Loan Association, )<br><br>Defendant. ) | Civil Case No. 06-01120 (EGS)<br><br>[Consolidated with Nos. 06-1227 (EGS) and 06-01273(EGS)] |

**BLACKWELL PLAINTIFFS' MEMORANDUM
IN OPPOSITION TO
FDIC'S CROSS MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Blackwell Sanders Peper Martin, LLP and Ernest M. Fleischer ("Blackwell" or "Fleischer" or "Blackwell plaintiffs") for their opposition to Federal Deposit Insurance Corporation's ("FDIC") Cross Motion for Summary Judgment incorporate by reference the facts cited and arguments made in their Motion for Partial Summary Judgment and their Reply in Support of their Motion.[1]

### I.   Introduction

It is unclear whether the FDIC admits or denies that the common fund doctrine applies to the claims of the Blackwell plaintiffs. On the one hand, the FDIC appears to contend that it is entitled to summary judgment because the plaintiff law firms were retained by the FDIC and are thus entitled only to their normal hourly rates. On the other hand, most of the FDIC's arguments

---

[1] The Blackwell Plaintiffs attach and incorporate in this brief by reference the same Response to the FDIC Statement of Material Facts as is attached to their separately filed Reply in Support of their Motion for Summary Judgment.

**Error! Unknown document property name.**

are directed to the reasonableness of the amount of fees sought, which appears to be an acceptance of the common fund doctrine.

The FDIC is not entitled to summary judgment on either theory. The facts which it cites do not establish retention of the plaintiff law firms by the FDIC as a voluntary act. The facts submitted by the plaintiff law firms make it clear that the FDIC accepted the services of the plaintiff law firms with great reluctance. See for example the Taylor letter, the temporary restraining order and the motion to intervene, cited in the motions of the plaintiff law firms.

If the FDIC agrees that the common fund doctrine applies, and if it is saying that it is entitled to summary judgment because the facts admitted establish that it is unreasonable to pay additional fees, two responses must be made. First, the facts submitted by the FDIC do not support such a finding. Second, the facts submitted by the plaintiff law firms create a highly disputed factual issue which prevents summary judgment for the FDIC.

**II.     The Standard of Review Precludes Consideration of Some FDIC Evidence.**

First, the standards of review are stated in the Blackwell plaintiffs' Motion for Summary Judgment and Reply Brief. Second, statements provided in the FDIC's brief which are not based upon personal knowledge must be disregarded. *See* Fed.R.Evid. 402; Fed.R.Evid. 701; United States v. Pang, 362 F.3d 1187, 1191-92 (9th Cir.2004) (declarations must be grounded in the declarants' personal knowledge). Thus, all hearsay testimony that would be inadmissible at trial should be disregarded.

Plaintiffs object to the Declaration of Richard Gill to the extent that it is not based on personal knowledge. Mr. Gill testified in his deposition that he did not become involved in the tax case until the first or second quarter of 2004. His statement that the FDIC "invited" the shareholders attorneys to participate in the settlement discussions is not only incorrect, but is also

inadmissible hearsay. So are his statements about the tax scenarios. He testified that he learned about the tax scenarios from a Department of Justice attorney. (Deposition of Richard Gill ("Gill Depo.", Exhibit 1 at p. 53, ll. 3-8; pp. 61, ll. 21-23, 62, ll. 1-15.)

### III. The FDIC's Statement of Material Facts Is Insufficient for the Court to Grant Summary Judgment to the FDIC.

The basis of FDIC's Motion for Summary Judgment is its Statement of Material Facts. The Statement of does not support the FDIC's contentions about retention of the law firms and whether they were responsible for reducing the tax claim.

Even if it is assumed that all of the facts set forth in FDIC's Statement of Material Facts are true and admissible, the FDIC is not entitled to judgment as a matter of law. For example, even if Facts 1 and 2 are fully accurate, such facts do not contradict the role in the ultimate settlement played by the plaintiff law firms.

With respect to Fact 3, the fact that the FDIC had filed incorrect returns on behalf of the Receivership but (assisted by the plaintiff law firms) ultimately persuaded the IRS to grant $258 million in properly allowable interest deductions does not controvert the facts supporting Blackwell's Motion for Partial Summary Judgment. Further, information that the FDIC planned to oppose requests for fees in excess of hourly rates is, again, irrelevant to the question of whether it is appropriate to calculate Blackwell's contingency fee based on percentage of the fund preserved. (Fact 4.)

Similarly, the Notice to Shareholders does not impact whether this Court should award a percentage of the fund, or how much that percentage should be as a matter of law, and is also irrelevant. (Facts 5-9.)

The same is true for Ms. Stewart's opinion and that of one shareholder, Robert Seuss, as is the question of whether Mr. Suess' additional claim for $217,000 should be paid. (Facts 10-14.)

The basis for awarding a fee from a common fund is not whether the beneficiaries of the fund find it reasonable, but to spread the costs of litigation among those beneficiaries to avoid their being unjustly enriched by the attorney's efforts. <u>Boeing Co. v. Van Gemert</u>, 444 U.S. 472, 100 S.Ct. 745 (1980). The courts have recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole. 444 U.S. at 478. This Court has jurisdiction over the fund, and is vested with the authority to determine a reasonable attorney's fee to prevent inequity by assessing attorney's fees against the entire fund, thus spreading fees proportionately among those benefited by the suit. <u>Id.</u> Here, the beneficiaries of the fund, the Benj. shareholders, will be unjustly enriched and Blackwell and Fleischer will be penalized if not granted a percentage of the fund for the risks they assumed by undertaking the litigation on a wholly contingency fee basis.

**IV.    Proposed Resolution of the Issues.**

If this case proceeds to trial, the Blackwell plaintiffs will present documentary and testimonial evidence of the following:

    a.  The position taken the IRS in support of its claim for $1.2 billion.

    b.  Involvement of Mr. Fleischer in the negotiations and his contribution to the ultimate settlement.

    c.  Arguments of Mr. Fleischer and other plaintiff law firms that the IRS claim was almost wholly without merit, and that in relation to the settlement far less tax was due.

    d.  The general neutrality of the FDIC throughout the proceedings.

    e. Details of the settlement negotiations.

On the other hand, the Blackwell plaintiffs would be willing to submit the matter to the Court for decision without further evidence if the FDIC will agree that all statements of uncontroverted fact by all parties are stipulated to be uncontroverted. In other words, the Court could decide not only the entitlement of the Blackwell plaintiffs to a reasonable percentage of the trust assets that were preserved, but also the amount of a reasonable fee for the Blackwell plaintiffs on the basis of the evidence submitted in the motions of all parties.

## CONCLUSION

The Blackwell plaintiffs submit that the FDIC has not presented sufficient evidence to demonstrate either that the common fund doctrine is inapplicable or that the fees claimed are unreasonable. The FDIC's motion for summary judgment should therefore be denied.

Dated March 15, 2007        Respectfully submitted,

                  /s/ William F. Demarest
               William F. Demarest, Jr. (D.C. Bar No. 266312)
               Blackwell Sanders Peper Martin LLP
               750 17th Street NW, Suite 1000
               Washington, D.C. 20006-3901
               (202) 378-2300

               and

               James Borthwick  MO #19722
               Nancy S. Jochens  MO #49022
               Blackwell Sanders Peper Martin LLP
               4801 Main Street, Suite 1000
               Kansas City, Missouri 64112
               (816) 983-8000
               (816) 983-8080 (Facsimile)

               *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

  I hereby certify that on the 15 day of March, 2007, I electronically filed the above and foregoing document with the clerk of the court, by using the CM/ECF system which will send a notice of electronic filing to all parties.