# BLACKWELL PLAINTIFFS' RESPONSES TO FDIC'S
# STATEMENT OF MATERIAL FACTS

1. Undisputed. It is admitted that the IRS prepared scenarios for use in the settlement discussions. <u>Additional material facts</u>: Negotiations with the IRS began in the fall of 2002. Second Declaration of Ernest Fleischer ("Second Fleischer Dec.") at ¶ 1; Gill Dec. at ¶ 2. The IRS did not produce the scenarios until over a year later, in early 2004. The scenarios were produced in response to the positions taken by the plaintiff law firms in memoranda submitted at meetings with representatives of the IRS. Specifically, they were prepared in response to a statement dated November 4, 2002, which Mr. Fleischer had authored, that was used for purposes of the initial discussion at the meeting on November 19, 2002, among representatives of the FDIC, the IRS and the plaintiff law firms. The scenarios were not prepared as starting points for settlement discussions. Second Fleischer Dec. at ¶ 5. Rather, they were prepared in response to the efforts of the plaintiff law firms. <u>Id</u>.

2. Partially disputed. It is admitted that the final settlement amount was relatively close to the total amount stated in Scenario 10, but plaintiffs deny that the settlement was based on Scenario 10. <u>Additional material facts</u>: It was expressly agreed orally by both sides that the final settlement amount was based on a negotiated number, not on the basis of any scenario. The IRS was unwilling to admit any factual situation which could be used as the basis for a settlement, and therefore the final amount was based on an agreed number, not on a factual scenario which produced that number. Second Fleischer Dec. at ¶¶ 5, 6, and 7.

3. Partially disputed. It is admitted that the IRS permitted the receivership to reopen the tax returns and receive full credit for the post-insolvency interest payments of $258 million. It is denied that the FDIC achieved this result without assistance from the plaintiff law firms.

KC-1478807-2

<u>Additional material facts</u>:  The plaintiff law firms began discussing the problem of the $258 million tax deduction in October 2002.  The issue arose because the receiver had erroneously stated in the tax returns that the receivership was insolvent and thus failed to claim interest deductions when the returns were filed.  See detailed explanation of the circumstances in Second Fleischer Dec. at ¶ 2.  In April 2004, the plaintiff law firms drafted a letter signed by Don Willner supporting the FDIC's position that the interest deduction should be granted.  Second Fleischer Dec. at ¶ 4, and Exhibit A attached thereto.

      4.      Undisputed.  It is admitted that the FDIC indicated it was reluctant to pay the fees claimed.

      5-8.      Undisputed.  The provisions of the Notice to Shareholders summarized in these paragraphs admitted. The entire Notice should be reviewed so that all statements are in context.

      9.      Undisputed.  It is admitted that most shareholders agreed with the settlement.

      10.      Undisputed.  Ms. Stewart's statement of her opinion is admitted.

      11.      Undisputed.  Mr. Suess' opinion is admitted.

      12.      Undisputed.  The Blackwell Plaintiffs have no knowledge of the Suess phone call to Gill but do not dispute it because it is irrelevant.

      13.      Undisputed.  Whether the FDIC is reviewing an additional claim by the W&S is unknown but not contested.

      14.      In addition, the Blackwell Plaintiffs incorporate by this reference all of the undisputed facts cited by the Plaintiff law firms in all three motions for summary judgment.