# WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON, EC4N 8NH

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

(202) 282-5000

FACSIMILE (202) 282-5100

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

25 AVENUE MARCEAU
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

THOMAS M. BUCHANAN
(202) 282-5787
tbuchanan@winston.com

February 7, 2007

**VIA FEDERAL EXPRESS**

Richard Gill, Esq.
Federal Deposit Insurance Corporation
Legal Division
3501 Fairfax Drive
Arlington, Virginia 22226-3500

Re:    **Reimbursement of Funds to C. Robert Suess**

Dear Mr. Gill:

This letter seeks to address your concerns regarding the Proof of Claim filed by C. Robert Suess seeking reimbursement of legal fees and expenses in the amount of $216,599.50 related to the litigation in the Court of Federal Claims and in the federal district court in Washington, D.C. against the IRS. Specifically, the FDIC has raised the issue of double counting, that is, reimbursing both Winston & Strawn and Mr. Suess for the same body of work. The fact is however that Winston & Strawn specifically excluded from its Proof of Claim, and was thus not paid by the FDIC, any amounts already paid to it by Mr. Suess or the Shareholders Litigation Fund.

On May 17, 2006, the FDIC found that the 1,441.5 hours Winston & Strawn had spent on the IRS tax case were appropriate and reasonable. Winston & Strawn was compensated $400,812.75, a reduced amount reflecting $181,791 the law firm had already collected from the Shareholders Litigation Fund and Mr. Suess. Of that $181,791, $165,081.85 was paid directly by Mr. Suess, and to date, Mr. Suess has not been reimbursed for this expense, not by the FDIC nor the Shareholders Litigation Fund. An examination of the $3 million the FDIC agreed to pay for litigation expenses will confirm this fact. To wit, Don S. Willner did not include Mr. Suess's expenses in the $3 million dollar claim he provided to the FDIC.

In addition to the Winston & Strawn legal fees, Mr. Suess has also yet to be reimbursed for (1) $11,349.81 paid to Mr. Willner by Mr. Suess; and (2) $40,167.84 in administrative expenses. These funds were all expended by Mr. Suess in support of the Benj. Franklin Receiver in its litigation in the Court of Federal Claims and in the federal district court in Washington, D.C. against the IRS.

WINSTON & STRAWN LLP

Richard Gill, Esq.
February 7, 2007
Page 2

      The $11,349.80 was paid to Mr. Willner as the Trustee for the Benj. Franklin Litigation Fund. Of that amount, $5,849.81 was put into Mr. Willner's law firm account, and the remaining $5,500.00 was put into the Litigation Trust Fund account. None of it was accounted for by Mr. Willner as part of the $3 million.

      Mr. Suess expended $40,167.84 in administrative expenses to support the Benj. Franklin Litigation Trust Fund, and the litigation in the Court of Federal Claims and federal district court. These expenses went to contacting shareholders to raise funds for the litigation, keeping the shareholders informed of the litigation, and providing other administrative support to the Litigation Trust Fund. Mr. Suess has yet to be reimbursed for these expenses.

      For your convenience, the August 21, 2006 letter, with enclosures, that accompanied Mr. Suess's original Proof of Claim is attached.

      We respectfully request that the FDIC pay Mr. Suess the $216,599.50 from the remaining surplus in the Benj. Franklin receivership, plus interest.

      If you have any questions, please give me a call.

                                 Sincerely,

                                 Thomas M. Buchanan

Enclosures

cc:    Bruce Taylor, Esq. (w/encls.)

DC:501785.2