UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLACKWELL SANDERS PEPER MARTIN, LLP, a Missouri limited liability partnership, and ERNEST M. FLEISCHER, et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for the Benj. Franklin Federal Savings and Loan Association, )<br><br>Defendant. ) | Civil Case No. 06-01120 (EGS)<br><br>[Consolidated with Nos. 06-1227 (EGS) and 06-01273(EGS)] |

### SUR-REPLY MEMORANDUM OF BLACKWELL PLAINTIFFS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO FDIC'S CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiffs Ernest Fleischer and Blackwell Sanders Peper Martin ("Blackwell plaintiffs") join with Winston & Strawn in seeking to correct the erroneous statement in the FDIC brief that over $4 million was paid to cover legal fees in the Tax Case. As the FDIC's initial brief (FDIC's Opposition and Cross Motion, Doc. #s 15 or 16) states on page 4, the only payments from the Shareholders' Litigation Fund for legal fees in the Tax Case were $189,456.76 to Winston & Strawn and $122,731.44 to Willner & Associates. Even after those two firms received additional payments from the FDIC for their work on the Tax Case, the total amount of fees paid for the Tax Case was only $1,069,389, which includes the amounts that were paid from the Shareholders' Litigation Fund.

This fact is acknowledged by the FDIC on page 4 of its initial brief. (Doc. #s 15 or 16) Thus, as Winston & Strawn states in its Sur-Reply Memorandum (Doc. #23), only 2.5% of the

common fund preserved for the shareholders by the plaintiff law firms in the Tax Case has been paid as fees.

    The Blackwell plaintiffs also take issue with a statement made in the Winston & Strawn Sur-Reply Memorandum. In its last sentence of footnote 1 on page 2 of the brief, Winston & Strawn speaks of "taking the lead" in the Tax Case. On the contrary, Don Willner was, from beginning to the end, the lead counsel in the Tax Case for the shareholders. All of the plaintiff law firms took risks in participating in the litigation (the Blackwell plaintiffs took the greatest risk because their fees were entirely contingent), but it was Mr. Willner alone obtained the restraining order, and brought in other counsel. He then acted as the spokesperson for all of the shareholder attorneys in discussions with the Department of Justice. Moreover, it was solely Mr. Willner, using the legal advice received from Mr. Fleischer, that lead to the Oregon federal district court issuing the temporary restraining order and the subsequent agreement with the FDIC to provide notice to Mr. Willner before the FDIC made any payment to the IRS. Clearly, had such a payment been made, the entire shareholders' fund would have paid to the IRS with no possibility of recovery of that fund from the IRS.

Dated: April 16, 2007                            Respectfully submitted,

                                                          /s/ William F. Demarest
                                          William F. Demarest, Jr. (D.C. Bar No. 266312)
                                          Blackwell Sanders Peper Martin LLP
                                          750 17th Street NW, Suite 1000
                                          Washington, D.C. 20006-3901
                                          (202) 378-2310

                                          and

/s/ James Borthwick
James Borthwick     MO #19722
Nancy S. Jochens    MO #49022
Blackwell Sanders Peper Martin LLP
4801 Main Street, Suite 1000
Kansas City, Missouri  64112
(816) 983-8000
(816) 983-8080 (Facsimile)

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of April, 2007, I electronically filed the above and foregoing document with the clerk of the court, by using the CM/ECF system which will send a notice of electronic filing to all parties.

/s/ William F. Demarest, Jr.