# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WINSTON & STRAWN LLP, ) <br> ) <br> and ) <br> ) <br> WILLNER & ASSOCIATES, ) <br> ) <br> and ) <br> ) <br> BLACKWELL SANDERS PEPER MARTIN ) <br> and ) <br> ERNEST M. FLEISCHER, ) <br> ) <br>    Consolidated Plaintiffs, ) <br> ) <br>    v. ) <br> ) <br> FEDERAL DEPOSIT INSURANCE ) <br> CORPORATION, AS RECEIVER FOR ) <br> THE BENJ. FRANKLIN FS&LA, ) <br> ) <br>    Defendant. ) | Civil Case No. 06-1120 (EGS) <br><br> [Consolidated with No. 06-1227 <br> (EGS) and No. 06-1273 (EGS)] |

**WINSTON & STRAWN'S REPLY TO FDIC RECEIVER'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTIONS FOR LEAVE TO FILE SUR-REPLIES FILED BY WINSTON & STRAWN, AND ERNEST FLEISCHER AND <u>BLACKWELL SANDERS PEPER MARTIN</u>**

Winston & Strawn LLP ("W&S") did not anticipate filing a reply brief and is candidly surprised that the FDIC-Receiver should choose to oppose W&S's Sur-Reply. In defending what W&S had believed to be an inadvertent misrepresentation, the FDIC-Receiver now deliberately conjoins and contorts two separate proceedings for the purpose of artificially inflating the FDIC-Receiver's payments for the Tax Case.

The FDIC first argues that leave should not be granted because its recent statement (in its reply memorandum) that "[t]he FDIC-Receiver has paid over $4 million from the receivership surplus to cover legal fees under the terms of the settlement of the Tax Case" — whether correct or otherwise — did not constitute a *new* representation because the FDIC-Receiver allegedly made the same statement in its Opening Brief. Suffice it to say that the FDIC-Receiver is in error.

| FDIC Opposition Filed Feb. 22, 2007 | FDIC Reply Filed March 30, 2007 |
|---|---|
| In all, in connection with the settlement of the Tax case, the FDIC-Receiver paid about $4 million from the receivership surplus for legal fess [sic] and expenses <u>related to the Tax Case and other shareholder-related matters</u>. FDIC Opp. at 25-26. *See also* FDIC Opp. 3. | The FDIC-Receiver has paid over $4 million from the receivership surplus <u>to cover legal fees under the terms of the settlement of the Tax Case</u>…In all, payments for legal fees amount to about 10% of the gross surplus of $40+ million left over for distribution to the shareholders in the wake of the settlement. FDIC Reply 3-4. |

FDIC Sur-Reply Opp. at 2. (emphasis added).

The statement on the right (from the FDIC-Receiver's reply memorandum) is quite different than its earlier statement. In its initial brief (on the left), the FDIC-Receiver correctly states that about $4 million was taken from the surplus to (1) pay for the "legal fees and expenses related to the Tax Case," *and* (2) pay for the legal fees and expenses of the "other shareholder-related matters." FDIC Opp. at 25-26. The "other shareholder-related matters" is a reference to the "supervisory goodwill" litigation in the United States Court of Federal Claims. In contrast, the FDIC-Receiver's recent pleading (on the right) wrongly states that $4 million was taken from the surplus to pay for the legal fees and expenses related to the Tax Case <u>alone</u>. The FDIC-Receiver essentially posits in its reply memorandum that the $2.9 million to reimburse the Shareholders' Litigation Fund should be included in the *Swedish Hospital* common fund

calculation for the Tax Case.  Given that this argument was first asserted in the FDIC-Receiver's Reply Brief, a sur-reply is appropriate.

The FDIC-Receiver further compounds its mischaracterization of the Tax Case settlement when it argues that the $2.9 million it paid from the surplus to reimburse the Shareholders Litigation Fund was in fact a "term[] of the settlement of the Tax Case," and therefore not a misstatement.  FDIC Sur-Reply Opp. at 3-4.  Significantly, the FDIC-Receiver cites to the "Notice to Shareholders," and not to the Tax Settlement Agreement as its supporting evidence.  Indeed, while the shareholders certainly appreciated being reimbursed $2.9 million for a related but distinct case, it was plainly not a term or condition of the settlement in the Tax Case.

It remains the case that monies paid to reimburse the <u>shareholders</u> for work performed on one case does not, and should not, have any bearing on what reasonable compensation is due the <u>attorneys</u> in a separate and distinct case.  To date the Tax Case attorneys have received $1,043,228 or roughly 2.5% of the surplus.  To double the fees to all three respective plaintiffs, as W&S has suggested, would increase the total fees paid to only $1,954,488 (still less than the FDIC-Receiver advised the shareholders it intended to pay the attorneys in its Notice to Shareholders, *see* FDIC Reply at 3, FDIC Sur-Reply Opp. at 3-4).  Even if the fees were doubled, that amount would still represent less than 5% of the total surplus (and well below the 20-30% traditionally paid out under *Swedish Hospital*).

Of course, the FDIC-Receiver's reliance on the Notice to Shareholders is particularly curious.  Not only did the shareholders agree to pay the attorneys up to $2 million when they approved the Tax Case settlement, but shareholders who together own a majority of the Benj. Franklin shares have submitted declarations in this proceeding ***expressly supporting*** W&S's request for a modest success fee.  And, equally significant, not a single shareholder has opposed

W&S's request (and the FDIC-Receiver has denied W&S's request to permit the shareholders to vote on the request). Since the funds ultimately belong to the shareholders, and the FDIC-Receiver presumably should be acting on their behalf, the FDIC-Receiver's opposition to W&S's request for a modest success fee (that hardly makes W&S whole in light of the deferred payment of W&S's ordinary hourly fee) serves absolutely nobody's — and certainly not the public's or the Benj. Franklin shareholders' — interest.

Dated: April 27, 2007

                                        Respectfully submitted,

By:   /s/ Eric W. Bloom
        Thomas M. Buchanan
        Eric W. Bloom
        Charles B. Klein
        Scott D. Pluta
        WINSTON & STRAWN LLP
        1700 K Street, N.W.
        Washington, D.C. 20001
        (202) 282-5000

        *Counsel for Winston & Strawn LLP*