# EXHIBIT 1

<u>Supplement submitted by Don S. Willner and Associates, P.C. ("Willner")
To the Joint Status Report submitted by other counsel</u>

1. Willner saved the common fund by obtaining first the Temporary Restraining Order against RTC, the predecessor of FDIC, in Federal Court in Oregon, and then obtaining representations by RTC and agreements which followed which prevented FDIC from paying the tax.

2. Willner filed the Motion for Intervention in this Court which brought the shareholder plaintiffs directly into the tax discussions and resulted in the settlement in which counsels' role was praised by this Court.

3. Willner retained Rosemary Stewart of Spriggs and Hollingsworth, Ernest Fleisher of Blackwell Sanders Peper and Martin, and Randi Cohn of the Siegfried Group, CPA, to assist him in representing the plaintiff shareholders in the tax claim asserted by the IRS. Winston & Strawn entered the discussions much later to represent the interests of plaintiff Suess, although Willner remained sole attorney of record on the Motion to Intervene.

4. Willner, a member of the Bar of this Court since 1951, was lead counsel for the plaintiff shareholders throughout the tax negotiations, as well as attorney of record and lead counsel for the shareholders throughout the trial of the Claims Court case which was filed in 1990.

5. All of the attorney and accountant professionals did a good job as part of this team working for the shareholders. FDIC paid lead counsel Willner at the lowest rate because he is from the Pacific Northwest and is in a small law firm. FDIC did not hire Willner. To the contrary, the interests asserted by Willner were adverse to the positions originally taken by FDIC and its predecessor in interest, RTC. Had FDIC followed its intended course of action, the IRS claim for tax would have been paid by FDIC and a claim for refund would not have been possible, leaving nothing for eventual distribution to the shareholders as a result of the Court of Federal Claims case.

6. FDIC unilaterally reneged on its written agreement with Willner that the amount of attorney fees for work on the tax matter would be determined by this Court as part of the overall settlement of the tax case.

7. FDIC now claims that it spent $1,286,389 on this tax litigation for legal fees which is greater than the amount set forth in the Court's Opinion.

8. Attempts at alternate dispute resolution (ADR) are always desirable and have been strongly suggested by this Court in its Opinion. Willner will certainly participate in early mediation through an experienced mediator chosen by the parties from the D.C. Circuit mediation program list.

9. If ADR is unsuccessful, Willner respectfully requests a trial on its claim before this Court or before an arbitrator mutually acceptable to FDIC and Willner.

10. The Willner case can be tried on the written record previously submitted by Willner and FDIC plus the portion of the deposition of FDIC attorney Richard Gill which discusses FDIC's reasons for its Willner decision. (The Court in its Opinion noted the lack of this information in the Record.)

Because of the voluminous nature of the Record, detailed oral argument is necessary. If this Court or the Arbitrator can decide certain key issues, which can be formulated by FDIC and Willner, the actual calculations can be referred back to FDIC and Willner. Therefore, the whole trial can be completed in one half day.

August 1, 2007                    Respectfully Submitted,


                                  /s/ Don S. Willner
                                  Don S. Willner (D.C. Bar No. D00227)
                                  DON S. WILLNER AND ASSOCIATES, P.C.
                                  630 Sunnyside Road
                                  Trout Lake, Washington 98650
                                  (509)395-2000 (Telephone)
                                  (509)395-2939 (Facsimile)


DSW/sji