# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WINSTON & STRAWN LLP,** ) <br> ) <br> and ) <br> ) <br> **DON S WILLNER & ASSOCIATES, P.C.** ) <br> ) <br> and ) <br> ) <br> **BLACKWELL SANDERS PEPER MARTIN** ) <br> and ) <br> **ERNEST M. FLEISCHER** ) <br> ) <br> Consolidated Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **FEDERAL DEPOSIT INSURANCE** ) <br> **CORPORATION, AS RECEIVER FOR** ) <br> **THE BENJ. FRANKLIN FS&LA,** ) <br> **PORTLAND, OREGON** ) <br> ) <br> Defendant. ) <br> ) | Civil Case No. 06-01120 (EGS) <br><br> [Consolidated with No. 06-01227 (EGS) and No. 06-01273 (EGS)] |

**FEDERAL DEPOSIT INSURANCE CORPORATION'S OPPOSITION TO PLAINTIFF DON S. WILLNER'S MOTION TO TERMINATE MEDIATION AND SET AN EARLY STATUS CONFERENCE TO FIX AN EARLY TRIAL DATE, INCLUDING POINTS AND AUTHORITIES**

The Federal Deposit Insurance Corporation, as receiver for the Benj. Franklin FS&LA ("FDIC"), opposes the motion filed by Plaintiff Don S. Willner & Associates, P.C. ("Willner"), to terminate mediation between it and Defendant FDIC and to set an early status conference to fix an early trial date.

Plaintiff Willner's motion is premature. On August 14, 2007, the Court referred the dispute between Defendant FDIC and Plaintiff Willner to mediation for a period of 90 days. The mediation

period has not yet expired.  The Court's rules are clear on how and when mediation terminates.  LCvR 84.7(D) provides:

> (1) the mediation ends when one of the following events occurs:
>
>> (A) the parties settle the dispute:
>>
>> (B) the *mediator and the parties* conclude that further discussions would be fruitless; or
>>
>> (C) the *mediation deadline* – a date established in the assigned judge's order of referral – is reached.

(Emphasis in subsection (B) added).

None of the triggering events set out in LCvR 84.7(d) has occurred.  Only Plaintiff Willner has concluded that further discussions would be fruitless.  Despite Plaintiff Willner's pessimistic view, it is possible that the parties may be able to come to a reasonable accommodation, particularly with the assistance of mediator Brian Harvey, who has shown extraordinary diligence and patience in this matter.

In any event, because none of the triggering events set out in LCvR84.7(d) has occurred, Plaintiff Willner's motion is premature and should be denied.

A proposed order accompanies this opposition, but Defendant FDIC suggests that a minute order denying Plaintiff Willner's motion would be sufficient.

                                            Respectfully submitted,

Date:  October 18, 2007                /s/ Bruce C. Taylor
                                              Bruce C. Taylor
                                              Federal Deposit Insurance Corporation
                                              550 17th Street, NW
                                              Room VS-E7118
                                              Washington, DC 20429
                                              (703) 562-2436 (Telephone)
                                              (703) 562-2478 (Facsimile)

                                              Counsel for Plaintiff FDIC