# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **WINSTON & STRAWN LLP,** <br><br> and <br><br> **DON S. WILLNER & ASSOCIATES, P.C.** <br><br> and <br><br> **BLACKWELL SANDERS PEPER MARTIN** <br> and <br> **ERNEST M. FLEISCHER** <br><br> Consolidated Plaintiffs, <br><br> v. <br><br> **FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR THE BENJ. FRANKLIN FS&LA, PORTLAND, OREGON** <br><br> Defendant. | Civil Case No. 06-01120 (EGS) <br><br> [Consolidated with No. 06-01227 (EGS) and No. 06-01273 (EGS)] |

## JOINT STATUS REPORT

The Court ordered the parties to submit a joint status report regarding future proceedings. The positions of the parties are provided separately.

**1.   FDIC**

The FDIC proposes that the Court schedule a status conference or initial pretrial conference before taking any other action.

The FDIC believes that a status conference or initial pretrial conference would assist the Court and parties regarding the scope and scheduling of further proceedings.

The FDIC cannot agree to a pretrial briefing and trial schedule until it knows whether additional discovery is needed. For instance, if expert witnesses are going to be called to testify at trial, the parties should exchange expert reports and be allowed to depose the experts. In addition, if this case goes to trial, the FDIC intends to call certain witnesses who were not deposed by the other parties during the earlier truncated discovery period aimed at expediting the filing of dispositive motions. The other parties also may name witnesses who were not deposed by the FDIC during the earlier discovery period, and the FDIC may want to depose one or more of them. A reasonable period to allow for the exchange of expert reports and additional depositions would need to be built in to any schedule.

The FDIC opposes separate briefing or trials in the remaining disputes. The Court consolidated the disputes for all purposes, including trial. *See* Order for Consolidated Joint Scheduling Conference, October 27, 2006 (Doc. 9). Nothing has changed to justify separate briefing schedules and trials. Any differences in the proof offered by Mr. Willner and Blackwell Sanders do not outweigh the common nexus of operative facts and applicable law that favor continued consolidation of the proceedings. Mr. Willner hired Mr. Fleischer as a consultant to assist him in connection with the settlement discussions related to the underlying tax case against the Benj. Franklin receivership. Mr. Willner and the Blackwell Plaintiffs both seek additional legal fees in connection with the settlement of the tax case. The FDIC intends to present the same witnesses in defense of both remaining claims. The FDIC should not be required to adhere to separate briefing schedules or present the same witnesses at separate trials.

The FDIC does not believe that supplemental summary judgment briefing is worth the Court's or the parties' time and effort. The Court denied summary judgment to all parties in July 2007. It is now clear that issues of fact remain to be addressed that the parties cannot agree on. Thus, it is unlikely that supplemental summary judgment briefing will resolve the remaining disputes. Plus, it appears that at least one of the FDIC's primary witnesses – a non-FDIC government employee – will

2

not be allowed to testify without a subpoena and, possibly, a court order. Thus, the FDIC does not believe that it can get an affidavit from this witness for purposes of supplemental summary judgment briefing.

In addition, despite the failure of more traditional ADR methods, the FDIC is not averse to working with the Court and parties to fashion an ADR procedure that may have a better chance of resolving the remaining disputes without the need for a trial.

These and other related matters should be discussed under the Court's guidance in a status or initial pretrial conference setting.

## 2. Ernest M. Fleischer and Blackwell Sanders LLP

Plaintiffs Ernest M. Fleischer and Blackwell Sanders LLP ("Blackwell Plaintiffs") request the Court to set a date for the trial of the remaining issues in this case. The Blackwell Plaintiffs filed suit seeking an award of attorney's fees from defendant FDIC on July 18, 2006. The case was consolidated with other cases on October 3, 2006. The parties filed motions for summary judgment and in an opinion and order dated July 13, 2007, the Court overruled all of the motions. At the Court's suggestion the parties engaged in mediation in an attempt to achieve a settlement. The mediation was not successful, and the Court was so advised in November 2007.

In view of the FDIC's position regarding discovery, the Blackwell Plaintiffs propose that the parties be ordered to disclose the names of their trial witnesses within ten days of the court's order. If experts are named, the party calling an expert should provide the expert's report to the other parties. If any party wishes to depose an expert or other witness, such discovery should be completed within sixty days. If documents are to be used at trial which have not previously been produced, such documents should be produced within ten days. The parties should be ordered to advise the court within fifteen days after being advised about witnesses and documents to be used at trial whether they wish to conduct discovery. If not, a status conference should be set for the purpose of obtaining a trial date.

Plaintiff Don Willner wishes to dispose of his case by summary judgment. The Blackwell Plaintiffs prefer a short evidentiary hearing, i.e., a trial, and do not wish to file another summary judgment motion. Because the cases are different, the Blackwell Plaintiffs believe that Willner can proceed with summary judgment, and at the same time, the Blackwell Plaintiffs will proceed to trial.

### 3.     Don S. Willner & Associates, P.C.

The parties have both previously filed lengthy Summary Judgment Motions. The written material submitted contained hundreds of pages which include excerpts from the six depositions taken and many Declarations. On page one of its Summary Judgment Memorandum of Points and Authorities filed on February 23, 2007, the FDIC said:

> "In support of its opposition and cross motion, the FDIC-Receiver submits that <u>there is no genuine issue as to any material fact</u> and that it is entitled to Summary Judgment as a matter of law, as set forth in the accompanying Memorandum of Points and Authorities and Statement of Material Facts" (emphasis added).

This is a judicial admission.

The parties assumed that the proper measure of damages was a percentage of the common fund preserved. The Court's decision, however, held that a lodestar approach was appropriate and said that the record needed a better explanation of why the FDIC made its ruling measured by the lodestar approach. This was a limited instruction made by the Court, not an opening of "Pandora's Box".

The FDIC actually based its ruling in the Willner case on the hourly rate which it paid contract attorneys in Oregon and Washington for local work in those states. No other explanation was provided and should not be changed now. This raises a legal issue for which there are controlling District of Columbia cases. The FDIC also challenged certain relatively small items in Willner's time records.

Willner's response will go through the lodestar factors in a manner similar to the presentation to the FDIC and argue the legal question of whether the base hourly rate should be based upon the

4

law of the forum (District of Columbia District Court) where Willner was lead counsel. The disputes as to the various deductions from Willner's time records can be resolved by presenting legal issues to the Court with the tabulation later done by the parties, if necessary.

There might also be need for updated Declarations from persons whose Declarations are already in the record, plus a small number of new Declarations.

FDIC is a large Quasi-governmental agency and Blackwell Sanders Peper Martin is a large Kansas City and Washington, D.C. law firm. Both have the financial resources and time to pursue the Blackwell Sanders Peper Martin case through trial and appeal. Willner is a sole practitioner. In the Summary Judgment Motion Willner filed eight declarations plus excerpts from four depositions. Turning this into trial testimony would take many days of trial. Both FDIC and Blackwell Sanders Peper Martin talk about possible unidentified expert witnesses. Such experts are expensive.

FDIC, in its position statement, talks about only one possible new witness. That witness is the opposing government attorney in the underlying tax case who has the protection of Statute from testifying in a case in which the government is not a party, absent extremely unusual circumstances. His testimony, if allowed, would subject him to questions revealing the privileged thoughts and evaluation of him and his client, the Internal Revenue Service, in the underlying tax case. Vigorous opposition to the subpoena can be anticipated.

Willner suggests Supplementary Cross Motions for Summary Judgment in its case. And, because there are hundreds of pages of record, oral argument would likely be helpful to the Court. Since the FDIC does not want to file a supplemental Motion for Summary Judgment, Willner alternatively suggests that Willner be allowed to file a Supplemental Motion for Summary Judgment in response to the Court's earlier instruction seeking limited additional information. Willner requests that the Court set a deadline for Willner's Supplemental Summary Judgment Motion of thirty (30) days from a new Court Order; thirty (30) days for an Answer; twenty (20) days for a Reply; and an early oral argument at the Court's convenience. With such a time table, no party is

5

prejudiced. If the Court does not grant the supplemental Motion, Willner will have to find a way to participate in a single lengthy and expensive trial with FDIC and Blackwell Sanders Peper Martin.

Respectfully submitted,

| | |
|---|---|
| Date: February 11, 20087 | */s/ Bruce C. Taylor* <br> Bruce C. Taylor <br> Federal Deposit Insurance Corporation <br> 550 17th Street, NW <br> Room VS-E7118 <br> Washington, DC 20429 <br> (703) 562-2436 (Telephone) <br> (703) 562-2478 (Facsimile) <br><br> *Counsel for Federal Deposit Insurance Corporation, as Receiver for The Benj. Franklin FS&LA* |
| | */s/ Don S. Willner* <br> Don S. Willner (D.C. Bar No. D00227) <br> DON S. WILLNER AND ASSOCIATES, P.C. <br> 630 Sunnyside Road <br> Trout Lake, Washington 98650 <br> (509) 395-2000 (Telephone) <br> (509) 395-2939 (Facsimile |
| Kelby Fletcher <br> Attorney at Law <br> 1501 4th Avenue, Suite 2800 <br> Seattle, WA 98101 <br> (206) 624-6800 (Telephone) <br> (206) 682-1415 (Facsimile) <br><br> *Of Counsel for Willner & Associates* | *Counsel for Don S. Willner & Associates, P.C.* |
| */s/ William F. Demarest* <br> William F. Demarest (D.C. Bar No. 266312) <br> BLACKWELL SANDERS LLP <br> 750 17th Street, NW <br> Suite 1000 <br> Washington, D.C. 20006 <br> (202) 378-2300 (Telephone) <br> (202) 378-2319 (Facsimile) | */s/ James Borthwick* <br> James Borthwick   (MO #19722) <br> BLACKWELL SANDERS LLP <br> 4801 Main Street, Suite 1000 <br> Kansas City, MO. 64112 <br> (816) 983-8000 (Telephone) <br> (816) 983-8080 (Facsimile) |

*Counsel for Blackwell Sanders LLP and Ernest M. Fleischer*