UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WINSTON & STRAWN LLP, <br><br> and <br><br> DON S WILLNER & ASSOCIATES, P.C. <br><br> and <br><br> BLACKWELL SANDERS PEPER MARTIN <br> and <br> ERNEST M. FLEISCHER <br><br> Consolidated Plaintiffs, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR THE BENJ. FRANKLIN FS&LA, PORTLAND, OREGON <br><br> Defendant. | Civil Case No. 06-01120 (EGS) <br><br> [Consolidated with No. 06-01227 (EGS) and No. 06-01273 (EGS)] |

### DECLARATION OF ERNEST M. FLEISCHER

Ernest M. Fleischer states:

1. I was an attorney at law and of counsel with Blackwell Sanders Peper Martin LLP ("Blackwell") in its Kansas City, Missouri office. Blackwell is one of the plaintiffs in this lawsuit. I am also one of the plaintiffs in this lawsuit. After the filing of the Complaint, Blackwell changed its name to Blackwell Sanders LLP, and then later merged with another law firm to become Husch Blackwell Sanders, LLP. Accordingly, I am now an attorney at law and of counsel with Husch Blackwell Sanders, LLP.

KC-1608096-2

EXHIBIT B

2. I was the attorney at Blackwell who was responsible for the legal work by the firm relating to the claim by the Internal Revenue Service ("IRS") against Benj Franklin Savings and Loan Association for federal income taxes and related interest and penalties ("the tax case").

3. According to the court records, the Federal Deposit Insurance Corporation "FDIC") filed a Motion for a Fairness Hearing on February 3, 2006, which related to the settlement of the tax case. Exhibit A to the Motion was a proposed Notice to All Current Shareholders of Benj. Franklin Federal Savings & Loan Association (the "Notice").

4. I did not see the Notice before it was filed, was not consulted regarding its contents, and did not take part in its preparation. I did not know the Notice would contain the FDIC's estimate of the amount of fees it would likely approve and did not know that such an estimate existed. I did not file the Notice or join in the Notice.

5. I did not agree to the specific amount of the fees or the range of fees that would be approved.

6. Prior to the filing of the Notice, I never had any discussions with the FDIC about what portion of the fee claim would be approved. I was not aware that the FDIC estimated that it would approve only $1 to $2 million in fees until I saw a copy of the Notice sometime after the Fairness Hearing.

7. Prior to the Fairness Hearing, I had no discussions with the FDIC regarding the amount of fees that would be considered to be reasonable. I expected that a Federal judge would decide the amount of fees that were reasonable. On March 3, 2006, at the request of Richard Gill of the FDIC, I sent Mr. Gill a facsimile message in which I set forth the factual background of the contingency fee arrangement, including therein my understanding that "a 'fair' contingent fee amount would be determined by a Federal judge."

8.  I did not attend the Fairness Hearing because I was not an attorney of record and because I was not advised that my presence would be needed either as a witness or otherwise. I did not voice any objection to the FDIC's estimate of the likely amount of fees that it expected to approve because I was unaware of that estimate and, moreover, even if I had been aware of that estimate, it was merely the FDIC's opinion. The FDIC's opinion is just that – an opinion – and is not binding on anyone else. The FDIC was well aware that I had a different opinion. Moreover, the language that the FDIC put in footnote 6 to the Notice made it clear that if the claimants are not satisfied with the amount of fees approved by the FDIC, they may file an appeal requesting a higher amount. That was my understanding of the law as well. Thus, the statement by the FDIC that it intended to approve a certain range of fees must be read in conjunction with its statement that the claimants are not bound by any such determination and may seek and receive an award of a higher amount if they choose.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

/s/ Ernest M. Fleischer
Ernest M. Fleischer

Dated: June 23, 2008