**DON S. WILLNER & ASSOCIATES, PC**
DON S. WILLNER
(LICENSED IN OREGON AND WASHINGTON)

OREGON OFFICE
621 SW MORRISON SUITE 1415
PORTLAND, OR 97205-3500
PHONE: 503-228-4000
FAX: 503-273-8842
donswillner@aol.com

WASHINGTON OFFICE
630 SUNNYSIDE ROAD
TROUT LAKE, WA 98650
PHONE: 509-395-2000
FAX: 509-395-2939

November 8, 2004

Robert G. Clark, Esq.
Federal Deposit Insurance Corporation
550 17th Street, N.W.
H-11006
Washington, DC  20429

Re:   Benj. Franklin Receivership: Tax Matters

Dear Bob:

This letter sets forth my understanding of the following issues that we have discussed relative to our mutual effort to settle outstanding lawsuits.

1. FDIC is formally proposing to DOJ that the tax collection case be settled with a tax payment of $47 million covering all taxes, interest and penalties for all years through 2002 and that the tax payment be allocated 25% to tax and 75% to interest, all subject to approval at a fairness hearing held by the U.S. District Court for the District of Columbia.

2. As soon as DOJ/IRS approval is received, the FDIC will file a settlement proposal and request an early fairness hearing in the U.S. District Court for the District of Columbia. FDIC will recommend that the fairness hearing include a telephone speaker-phone hook-up to a courtroom in the U.S. District Court for the District of Oregon, in order that Pacific Northwest shareholders of Benj. Franklin and their respective counsel can be heard without traveling across the country. In addition, the FDIC will recommend that counsel for shareholders present at the hearing held in Washington, D.C. be given the opportunity to be heard.

3. A proposed Notice will be submitted for Court approval, and following such approval, will be sent to all located Benj. Franklin shareholders advising them of the terms of the proposed settlement and providing them all relevant details about the fairness hearing to be held by the Court. The Notice will be as clear and complete as possible, and will be distributed as widely as possible.

4. The Benj. Franklin receivership will pay for the cost of notifying the shareholders about the proposed settlement and the fairness hearing.

5. As part of the proposed Notice to shareholders, FDIC and the shareholders whom I represent will recommend that the following distributions be made by the Benj. Franklin receivership (pursuant to FDIC receivership and administrative procedures), before a partial distribution is made to all Benj. Franklin shareholders:

**EXHIBIT C**

Robert G. Clark, Esq.
November 8, 2004
Page 2

    a.    The payment of the agreed-upon amount of taxes to the IRS and the creation of a reserve for future taxes and other legal contingencies that must be maintained by the FDIC as receiver for Benj. Franklin;

    b.    A distribution to the Benj. Franklin Shareholders Litigation Fund ("Litigation Fund") to reimburse all contributions to that fund. (This is approximately $3 million of contributions by about 4,200 shareholders, and I am the sole trustee of the Litigation Fund with fiduciary duties to the contributors.) This matter will be handled as a claim and will be determined through the receivership process. The Litigation Fund will submit its claim in the near future. Interest will be determined under the applicable provisions of the receivership priority system;

    c.    A distribution of the reasonable fees and expenses of shareholders' counsel and consultants as approved by the Court and as determined through the receivership process in connection with such persons' work to reduce the $1.2 billion tax liability alleged by the IRS against the Benj. Franklin receivership; and

    d.    After distribution of the aforementioned amounts, the balance will be distributed by the FDIC as receiver for Benj. Franklin to the current shareholders of Benj. Franklin who submit proof of their ownership in the manner specified in the Notice sent earlier to shareholders.

6.    I recognize that the FDIC is the sole defendant in the U.S. District Court D.C. lawsuit brought by the United States and that the shareholders are not parties in the lawsuit. However, in FDIC's submission to the Court, it will be noted that I have been the sole attorney of record in the companion shareholder derivative suit in the U.S. Court of Federal Claims (for all 14 years of its existence), and in other related litigation in Portland, Oregon and Washington, D.C., and I am also sole trustee of the Benj. Franklin Shareholders Litigation Fund.

7.    We will work together to make every possible effort to expedite the distributions to the shareholders of Benj. Franklin.

Please let me know if you concur with this letter.

                              Sincerely,

                              Don S. Willner

294580v1