EXHIBIT D
FILE COPY

# WILLNER U'REN & HOOTON, LLP

ATTORNEYS
Don S. Willner*
Matthew U'Ren*
Donald M. Hooton
Constance Wold
*Licensed in Oregon and Washington

ATTORNEYS AT LAW
SUITE 303
111 S.W. NAITO PARKWAY
PORTLAND, OREGON 97204-3500
TELEPHONE (503) 228-4000
FAX (503) 228-4261

PARALEGAL
Leslie M. Munoz-Muñoz

STAFF
Misty Pixix
Gloria Flores
Sarah Waterman

Se habla español

May 10, 2002

<u>Via Facsimile and Regular Mail</u>

Bruce Taylor
FDIC Legal Division
550 17th Street, N.W.
PA 1730, Suite 300
Washington DC 20459

Re:   Benj. Franklin Tax Liaiblity

Dear Bruce:

I have previously sent you the enclosed agreements of January 25, 1999 between John V. Thomas and myself, and of March 10, 1999 between Jim Igo and Tom Buchanan, both agreements are signed on behalf of our respective clients. As I said in our telephone call, I have talked to Mike Duhl and my clients would like to retain him to help limit or reduce the tax liability.

We believe that the tax liability is an open issue since under the Inter-Agency Agreement, which you kindly sent to me, the RTC was required to certify for each taxable year that "the assets of such thrift are insufficient to satisfy the claims of the thrift's depositors (or the RTC as successor for the depositors' claims)," (page three of the Agreement). Then on page five of the Agreement it says, "These limitations on claims for refund will not apply if the certification pursuant to Section IV is erroneous."

The certification in the Benj. Franklin case is erroneous because the thrift's deposit liability was assumed by a solvent corporation, Bank of America, and there is now at least $80,000,000 in the Receivership in the unlikely event that Bank of America would become insolvent.

EXHIBIT NO.
Wit:
Date:
Rptr:

Page 2
May 10, 2002

The Agreement with John Thomas provided that FDIC "having duties to the sharehold intends to make a good faith effort (a) To minimize the IRS tax claim against the receiversh The later agreement of Jim Igo implements the Thomas agreement. The Suess trial is over plaintiffs did not call Duhl or Cywinski.

It will help minimize the tax liability if Mike Duhl could now be retained by the Su plaintiffs or by the Suess plaintiffs and the FDIC plaintiff to use his best efforts to minimiz tax liability. Mr. Duhl believes that he could be helpful in minimizing the tax liability.

We would like to get started as soon as possible.

Sincerely yours,

WILLNER UREN & HOOTON, LLP

Don (sw)

Don S. Willner

DSW:sw
encl: 2