```
 1              IN THE UNITED STATES DISTRICT COURT

 2                   FOR THE DISTRICT OF OREGON

 3   C. ROBERT SUESS, et al.,      )
                                   )
 4            Plaintiffs,          ) No. 02-00807-HA
                                   )
 5       vs.                       ) July 2, 2002
                                   )
 6   THE FEDERAL DEPOSIT           ) Portland, Oregon
     INSURANCE CORPORATION,        )
 7   a quasi-government            )
     corporation,                  )
 8                                 )
              Defendant.           )
 9   ------------------------------

10
                   TRANSCRIPT OF PROCEEDINGS
11
            BEFORE THE HONORABLE ANCER L. HAGGERTY
12
              UNITED STATES DISTRICT COURT JUDGE
13

14
                           APPEARANCES
15
     FOR THE PLAINTIFFS:    Don S. Willner
16                          Willner, Wren, Hill & U'Ren, LLP
                            111 S. W. Naito Parkway
17                          Suite 303
                            Portland, OR  97204-3500
18
     FOR THE DEFENDANT:     Hugo Zia
19                          Catherine Topping
                            Robert G. Clark
20                          Federal Deposit Insurance Corp.
                            550 17th Street, NW
21                          Washington, DC  20429-0002

22   COURT REPORTER:        Nancy M. Walker, RMR, CRR
                            4641 S. W. View Point Terrace
23                          Portland, OR  97201
                            (503) 703-1515
24
             Proceedings recorded stenographically,
25                  computer-aided transcription
```

```
 1            MR. WILLNER:  Well, our concern is to have
 2   anything -- to have, in effect, a restraining order or
 3   a preliminary injunction.  If the restraining order is
 4   lifted or if a preliminary injunction does not follow,
 5   we have been told that there is a likelihood they're
 6   going to pay the money over to the IRS.  So,
 7   therefore, we believe this is the only court that can
 8   maintain the status quo while the matter gets up to
 9   the Federal Circuit.
10            THE COURT:  Okay.  If I can interrupt you, in
11   the FDIC's briefing, they indicate that they wouldn't
12   transfer the money without at least two days' notice
13   to the plaintiffs.  What's the purpose of that two-day
14   lag?
15            MR. ZIA:  Well, Your Honor, as a stakeholder
16   in this case, which is how we perceive ourselves
17   being, since we have no interest ourselves in that
18   $87 million which is sitting in receivership, we're
19   honestly trying to seek a solution which doesn't
20   affect the interests of either -- adversely affect
21   either the shareholder plaintiffs or the IRS,
22   understanding that we're going to be sued -- well,
23   we're being sued presently by them.  If we pay the
24   IRS, they can sue us for breach of duty.  If we don't
25   pay the IRS, the IRS is going to sue us, understanding
```

1 as well that we face a statute of limitations
2 deadline, which was not in the briefs, of July 20th,
3 2002, which is looming in front of us, where the IRS
4 has to bring a lawsuit on the 10-year statute on the
5 assessment that occurred back in 1992 in order to
6 preserve their right to the taxes that are owed.
7     But the purpose of that was that we think
8 that the proper -- one possible solution here is
9 interpleader, but since we don't have authority to, at
10 this point, to request interpleader, we thought we do
11 have authority, as represented, to at least provide
12 two days' notice.
13     MR. WILLNER:  May I comment, Your Honor?
14     THE COURT:  All right, Mr. Willner.
15     MR. WILLNER:  Two days' notice doesn't help
16 us very much.  I know to get this case together, I
17 worked day and night from the moment Mr. Taylor wrote
18 me.
19     I believe we have a strong case for an
20 injunction here.  The Court has presumably read my
21 papers and particularly read Mr. Duhl's deposition.
22     THE COURT:  I read that this morning, and I
23 have a question from reading his deposition.  His
24 premise is there shouldn't be a tax if the Resolution
25 Trust Corporation, slash, FDIC recouped all of the