# SUMMARY OF LETTERS BETWEEN WILLNER, THE DEPARTMENT OF JUSTICE AND THE FDIC BETWEEN NOVEMBER 1, 2002 AND JANUARY 30, 2006

1. <u>November 1, 2002.</u> Darmstadter (lead Department of Justice attorney) to Willner, copies to Rohall (Department of Justice attorney in Sacramento) and Topping (FDIC) enclosing schedules showing alternate preliminary calculations of income tax liability.

2. <u>November 1, 2002.</u> Topping to Darmstadter and Willner enclosing schedules and explaining the failure of RTC (predecessor of FDIC) to claim a $258 million deduction, and a $̶1̶9̶5̶ $88 million overstatement of a repayment.

3. <u>November 4, 2002.</u> Willner to Topping, Darmstadter and other FDIC and Department of Justice attorneys enclosing shareholder statement of position.

4. <u>February 7, 2003.</u> Topping letter to Willner and Moettel responding to letter of factual inquiry from Moettel.

5. <u>February 13, 2004.</u> Darmstadter to shareholder and FDIC attorneys enclosing background supporting documents calculating interest amounts.

6. <u>March 17, 2003.</u> Willner to FDIC attorneys enclosing memoranda explaining why loans from RTC and Benj. Franklin Receivership should not be treated as taxable income and requesting a meeting to develop a common position.

7. <u>April 9, 2003.</u> Topping to Willner responding to Willner's letter of March 17, 2003, providing information.

8. <u>May 2, 2003.</u> Willner to FDIC enclosing spreadsheets and legal citation.

9. <u>July 30, 2003.</u> Topping to Darmstadter copy to Willner summarizing FDIC position on alternate minimum tax. ("ATM").

10. <u>August 14, 2003.</u> Willner to Darmstadter and Topping providing shareholder position on alternate minimum tax and requesting early three-way conference.

11. <u>September 25, 2003.</u> Willner to Darmstadter and Topping again requesting an early three-way meeting and saying that shareholders may move to reinstate the Motion to Intervene if there is no such meeting.

12. <u>November 12, 2005.</u> Topping to Darmstadter, Willner, Moettel. Request for update financial information.

13. <u>December 19, 2003.</u> Darmstadter to FDIC attorneys responding to FDIC request to reduce the amount of the claim.

14. <u>December 30, 2003.</u> Willner letter to Darmstadter and Topping suggesting sending copies of letters directly to other shareholder attorneys.

15. <u>December 30, 2003.</u> Willner to Department of Justice attorneys requesting expediting computation of interest under various scenarios.

16. <u>February 5, 2004.</u> Topping to Darmstadter, copy to Willner requesting abatement of penalties assessed for late filing (by RTC).

17. <u>February 23, 2004.</u> Willner to Darmstadter requesting speed in providing interest calculations for scenario number 1 (FFA excluded).

18. <u>February 27, 2004.</u> Darmstadter to FDIC attorneys, copies to shareholder attorneys, enclosing documents pertaining to interest computations.

19. <u>April 14, 2004.</u> Willner to Darmstadter enclosing statement of shareholder position on the $258 million deduction which RTC failed to claim, and seeking an early next three-way meeting.

20. <u>April 26, 2004</u>. Willner to Darmstadter and Gill urging speed in setting the next three-way meeting (Richard Gill is the new FDIC attorney assigned to the case).

21. <u>May 6, 2004.</u> Willner to Gill listing priority material for Gill to read before the next settlement discussion.

22. <u>May 10, 2004.</u> Darmstadter to Gill responding to FDIC omitting post-insolvency interest from Benj. Franklin Receivership tax returns.

23. <u>May 12, 2004.</u> Willner to Darmstadter and Gill submitting proposed agenda for May 18, 2004 three-way meeting.

24. <u>May 12, 2004.</u> Willner to Darmstadter and Gill enclosing corrected agenda for three-way meeting.

25. <u>May 15, 2004.</u> Willner to Darmstadter and Gill enclosing spreadsheet showing effects of changes in scenarios 10.

26. <u>July 29, 2004.</u> Willner to Darmstadter and Gill enclosing a new legal citation dealing with the issue of taxation of loans.

27. <u>August 13, 2004.</u> Willner to Darmstadter, copy to Gill dealing with attempts to tax loans as income.

28. <u>September 7, 2004.</u> Willner to Gill requesting that FDIC make a settlement offer of $40 million.

29. <u>November 18, 2004.</u> Clark (FDIC) to Darmstadter. Copy to Willner, making a settlement offer of $47,017,650 with 75% allocated to interest and 25% allocated to taxes.

30. <u>December 2, 2004.</u> Watkins to Clark. Copy to Willner.

31. <u>December 10, 2004.</u> Willner to Clark.

32. <u>February 17, 2005.</u> Willner to Clark encouraging communication with Darmstadter.

33. <u>February 21, 2005.</u> Willner to Darmstadter requesting speed in responding to offer.

34. <u>July 8, 2005.</u> Willner to Gill agreeing to increase the offer to $48 million.

35. <u>July 13, 2005.</u> Willner to Gill re: Fairness Hearing.

36. <u>July 22, 2005.</u> Willner to Gill saying no client approval for $50 million.

37. <u>July 22, 2005.</u> Aboussie (of FDIC) to Darmstadter. Copy to Willner offering $50 million.

38. <u>September 5, 2005.</u> Willner to Aboussie and Gill asking for help in getting Department of Justice to sign off on the settlement.

39. <u>November 18, 2005.</u> Willner to Aboussie and Gill asking for quick action on setting the Fairness Hearing.

40. <u>December 30, 2005.</u> Willner to Gill requesting cooperation in getting an early Fairness Hearing.

41. <u>January 23, 2006.</u> Willner to Aboussie and Gill concerning notification for the Fairness Hearing.

42. <u>January 25, 2006.</u> Gill to Willner re: FDIC's attempt to locate shareholders.

43. <u>January 30, 2006.</u> Willner to Darmstadter and Gill requesting the earliest possible Fairness Hearing.