Message From The Court Regarding Attorney Fee Petitions

The members of the Court, having recently discussed some recurrent problems seen in attorney fee petitions, wish to communicate the following information to members of the bar. In deciding fee petitions, the Court must determine the reasonable number of hours expended by counsel for the party seeking fees, and the reasonable hourly rate of that counsel. Even if there is no objection to either the hours or the rates, the Court has an independent duty to review the petition for reasonableness. Gates v. Deukmejian, 987 F.2d 1392, 1401 (9th Cir. 1993).

Increasingly, the Court has reviewed fee petitions where all or a substantial part of an attorney's time for one day is billed as a "block" without segregating time for individual tasks. This makes assessing the reasonableness of the time spent on a particular task extremely difficult. The Court recommends that members of the bar record time spent on particular, individual tasks and support their fee petitions with a level of documentation that allows the Court, and opposing counsel, to adequately review the reasonableness of the time spent on a single task.

Additionally, the Court frequently sees time billed for items such as "conference", "telephone call with . . .", or "correspondence to..." with no description of the subject of the conference, the call, or the correspondence. This too makes it

FDIC Ex. 54

nearly impossible to assess the reasonableness of the requested time. Because the burden to document the reasonableness of the requested fees is on the attorney requesting fees, fee petitions that fail to support the reasonableness of the request due to one of these problems may be denied, at least in part.

As for the reasonable hourly rate, the Court has determined that it will use the Oregon State Bar Economic Survey as its initial benchmark. The current edition of the Economic Survey was published in 1998 and is available by calling the Oregon State Bar. The next edition will be published in the fall of 2002. Attorneys may argue for higher rates based on inflation, specialty, or any number of other factors. However, the Court requests that fee petitions address the Economic Survey and provide justification for requested hourly rates higher than reported by the Survey. Thank you.

FDIC Ex. 54