Winston Strawn LLP * 2/3
07/10/2008 14:31   5416831164        BRIGHT KNIGHT                         PAGE 02/03
    202-282-5100        7/7/2008 4:50:12 PM   PAGE 002/003   Fax Server
FROM: WINSTON & STRAWN LLP

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WINSTON & STRAWN LLP, <br><br> and <br><br> DON S. WILLNER & ASSOCIATES, P.C. <br><br> and <br><br> BLACKWELL SANDERS PEPER MARTIN <br> and <br> ERNEST M. FLEISCHER <br><br> Consolidated Plaintiffs, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR THE BENJ. FRANKLIN FS&LA, PORTLAND, OREGON <br><br> Defendant. | Civil Case No. 06-01120 (EGS) <br><br> [Consolidated with No. 06-01227 (EGS) and No. 06-01273 (EGS)] |

SUPPLEMENTAL DECLARATION OF C. ROBERT SUESS

I, C. Robert Suess, being over the age of 21 and competent to testify in this case, hereby declare:

1. This supplements my declaration executed on June 19, 2008.

2. After I executed my earlier declaration, Mr. Willner filed a pleading in which he increased his demand for additional attorney's fees from $782,110.24 to $958,076.10. This confirms that I oppose Mr. Willner's request for additional in any amount.

**FDIC Ex. 63**

07/10/2008 14:31   5416831164                Winston Strawn LLP * 3/3
                                             BRIGHT KNIGHT                         PAGE 03/03
   202-282-5100         7/7/2008 4:50:12 PM    PAGE 003/003   Fax Server
FROM: WINSTON & STRAWN LLP

3. Mr. Willner also submitted an updated declaration from David B. Markowitz executed on June 17, 2008, stating that a reasonable rate for Mr. Willner under Portland standards is $450 per hour.

4. In an earlier pleading, Mr. Willner submitted an undated declaration from Mr. Markowitz stating that a reasonable rate for Mr. Willner under Portland standards is $400 per hour.

5. I strongly disagree that Mr. Willner is entitled to either $400 or $450 per hour, as advocated by Mr. Markowitz.

6. First, the survey commissioned by Mr. Markowitz appears to have been limited to a very small group of attorneys with the aim of obtaining predetermined results.

7. Second, based on my knowledge of what Mr. Willner did in the settlement discussions in the Tax Case, Mr. Willner is not entitled to the "average hourly rate charged by the 15 top attorneys with the highest hourly rates for commercial litigators."

8. Finally, Mr. Willner told me some time ago that Mr. Markowitz will receive a percentage of Mr. Willner's fees. Therefore, Mr. Markowitz has every incentive to advocate for an unreasonably high fee for Mr. Willner at the expense of the shareholders.

I declare under penalty of perjury that the foregoing is true and correct. Executed on 7/9/___, 2008.

_____
C. Robert Suess

2

**FDIC Ex. 63**