08/13/2008 16:21 IFAX fax@ssbls.com → Fax ☑001/004
Aug 13 08 05:57p Don S. Willner 5093852939 p.1
Case 1:06-cv-01120-EGS   Document 53-3   Filed 08/25/2008   Page 1 of 4

# UNITED STATES DISTRICT COURT

# DISTRICT OF COLUMBIA

| | |
|---|---|
| WINSTON & STRAWN LLP,<br><br>and<br><br>DON S. WILLNER & ASSOCIATES, P.C.<br><br>and<br><br>BLACKWELL SANDERS PEPER MARTIN<br>and<br>ERNEST M. FLEISCHER<br>                    Consolidated Plaintiffs,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR THE BENJ. FRANKLIN FS&LA, PORTLAND, OREGON<br>                             Defendant. | Case No. 06-01120 (EGS)<br><br>[Consolidated with No. 06-01227 (EGS)<br>and No. 06-1273 (EGS)]<br><br><br><br>DECLARATION OF<br>DAVID B. MARKOWITZ IN SUPPORT<br>OF FEE APPLICATION OF DON S. WILLNER |

I, David B. Markowitz, declare under the penalty of perjury as follows:

I am an attorney engaged in the full time commercial litigation practice in Portland, Oregon. I have been in litigation practice since 1974, limiting my practice to commercial litigation during the last 25 years. I am admitted to the Oregon State Bar, United States District Court for the District of Oregon, Ninth Circuit Court of Appeals, and the United States Supreme Court. I am a Fellow of the American College of Trial Lawyers and have been listed since 1991 in the Best Lawyer's in America in the field of commercial litigation.

      2.      I have been actively involved in issues relating to attorney fees disputes for over 20 years. This work started during the mid-1980's when I was hired by an insurance company to act as the supervising attorney for the lawyers who were defending several lawsuits against former partners of the Wolf Griffith law firm arising out of the failure of the Columbia Pacific

**PAGE 1 - DECLARATION OF DAVID B. MARKOWITZ IN SUPPORT OF FEE APPLICATION OF DON S. WILLNER**

08/13/2008 16:21 IFAX fax@ssbls.com → Fax 002/004
Aug 13 08 05:57p Don S. Willner 5039852939 p.2
Case 1:06-cv-01120-EGS   Document 53-3   Filed 08/25/2008   Page 2 of 4

Bank. My work included reviewing scores of invoices submitted by defense counsel and ultimately rejecting or approving the fee requests. In order to perform that work I conducted an informal survey of attorney fee rates in Oregon and made inquiries regarding prevailing billing practices. After completing that ongoing project, I began participating in many cases as an expert, mediator, arbitrator, or advocate on the subject of attorney fee disputes. I have participated in over 100 attorney fee disputes during the last 20 years, most of them in my role as an expert witness. I estimate that I have testified in state court attorney fee trials and prepared federal court attorney fee declarations on more than 50 occasions. This ongoing work has allowed me to become very familiar with the rates and billing practices that prevail in the Portland metropolitan area, particularly on matters relating to commercial litigation.

As I described in my earlier declarations, in March of 2002, another attorney and I commissioned Serena Morones ("Morones"), a Portland CPA to conduct a survey of commercial litigation attorney fees rates in Portland, Oregon. We were concerned that there was a lack of market data to use in resolving attorney fee issues. The survey was completed and then updated in 2004 and again in 2006. The rates in the surveys reflected billing rates effective as of January 1, 2002, 2004 and 2006.

The relevant market for this survey was defined as law firms located in the metropolitan Portland area with more than five attorneys specializing in commercial litigation. "Specializing" was defined as more than 50% of the attorneys time was spent in the practice of commercial litigation. The CPA used the Oregon State Bar membership directory to identify firms in the metro area. She then reviewed the firm's website to determine if the firm advertised the practice of commercial litigation. If they did practice commercial litigation, the CPA counted the number of attorney biographies that described the commercial litigation as a practice area of the attorney. Nearly all firms listed in the Oregon State Bar directory had this information clearly designated on their website. Only two firms did not have websites at the time of the initial survey and the CPA had sufficient previous contact with those firms to know they should be included in the market study. With the initial 2002 survey a total of 20 firms were identified as meeting the criteria and 15 of those actually participated. There were 101 litigation partners or shareholders

**PAGE 2 - DECLARATION OF DAVID B. MARKOWITZ IN SUPPORT OF FEE APPLICATION OF DON S. WILLNER**

08/13/2008 16:21 IFAX fax@ssbls.com → Fax ☐003/004
Aug 13 08 05:57p Don S. Willner 5093852939 p.3
Case 1:06-cv-01120-EGS Document 53-3 Filed 08/25/2008 Page 3 of 4

and 227 litigation attorneys included in the calculations. In 2004, 16 firms participated with an increase to 141 partners or shareholders and 281 litigation attorneys. In 2006 the survey participants increased to a total of 22 firms reporting with 160 partners or shareholders and 330 litigation attorneys. The 2006 survey rates were averaged over a much larger base than the original 2002 survey and include much more than a "handful of Portland attorneys" and not just "top litigators at large firms" as incorrectly stated by Bruce C. Taylor (see FDIC Opp. (7/23/08) 12.

In 2006 I served on the Oregon State Bar ("OSB") Economic Survey committee and I am familiar with how that survey is prepared. In October of 2007 the OSB updated its 2002 survey reflecting billing rates for 2006. That survey did not include all Oregon attorneys but was produced using a sample of attorneys selected from a list of active members. There were 1,340 attorneys in the Portland and tri-county area completing the survey, 19.4% of the total number of OSB members in the Portland and tri-county area. The OSB survey did not include a specific category for commercial litigation, but divided the areas of practice into Civil Litigation, Defendant; Civil Litigation, Plaintiff excluding personal injury; Civil Litigation, Plaintiff including personal injury; and Civil Litigation, Insurance Defense. Prior to the release of the updated 2007 OSB survey, several Oregon District Court judges mentioned in their opinions that the survey was out of date (Opinion and Order of Anna J. Brown 3/21/06 Frederickson v. Consolidated Supply Case No. 05-CV-17004 BR).

The rates in the 2007 OSB survey for attorneys admitted to practice in the Portland area with more than 30 years had an average hourly rate of $287, a median rate of $300, 75th percentile of $350 and 95 percentile of $461.

The 2006 Morones survey determined that the highest hourly rate of the top 15 litigators was $448 per hour, an increase from $353 in 2002 and $406 in 2004. The most recent Morones and OSB surveys were based on 2006 data and rates have increased since that time.

Based on my review of the most recent surveys, my observations of billing rates and my personal knowledge of Mr. Willner's legal skills and expertise, it is still my opinion that $425 to $475 per hour is the prevailing average rate for the top litigators who handle complex civil

**PAGE 3 - DECLARATION OF DAVID B. MARKOWITZ IN SUPPORT OF FEE APPLICATION OF DON S. WILLNER**

08/13/2008 16:21 IFAX fax@ssbls.com → Fax 004/004
Aug 13 08 05:58p Don S Willner 5093852939 p.4
Case 1:06-cv-01120-EGS  Document 53-3  Filed 08/25/2008  Page 4 of 4

litigation such as that involved in the Tax Case litigation and that Mr. Willner is entitled to recover his fees at an hourly rate of $450.

DATED this 12th day of August, 2008.

_____
David B. Markowitz

159899

**PAGE 4 - DECLARATION OF DAVID B. MARKOWITZ IN SUPPORT OF FEE APPLICATION OF DON S. WILLNER**