**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                )
WINSTON & STRAWN LLP, *et al.*, )
                                )
            Plaintiffs,         )
                                ) Civil Action No. 06-1120(EGS)
       v.                       )
                                )
FEDERAL DEPOSIT INSURANCE       )
CORPORATION,                    )
                                )
            Defendant.          )
_____)

### MEMORANDUM OPINION

Before this Court is Plaintiff Don S. Willner & Associates' motion for summary judgment on its claim for reasonable attorneys' fees and expenses under 12 U.S.C. § 1821(d)(6). Plaintiff's underlying action seeks *de novo* judicial review of the Federal Deposit Insurance Corporations' ("FDIC") administrative determination of plaintiff's attorneys' fees. At issue is (1) whether Don S. Willner ("Willner") should be paid at the $250 per hour rate imputed by the FDIC or at the fair market value rate in either Portland, Oregon or Washington, D.C. ("the District"); (2) whether a 2.0 multiplier should be applied to Willner's fee award; and (3) whether this Court should reject defendant's reduction of 186.35 hours from Willner's billed hours. After careful consideration of the motion, the response and reply thereto, this Court **DENIES** summary judgment without prejudice.

1

## I. BACKGROUND

Plaintiff's request for attorneys fees results from Willner's work as lead counsel in reducing a $1.2 billion Internal Revenue Service tax claim to $50 million. Plaintiff represented 6,500 shareholders of Benjamin Franklin Federal and Loan Association of Portland, Oregon after it was seized by the government on February 21, 1990. When a Claims Court judge found that Benjamin Franklin would have survived adverse economic conditions but for a governmental break of contract, the shareholders filed suit against the government in the United States Court of Federal Claims. Willner argued and won a number of motions on behalf of the shareholders. The reduction in the tax claim resulted from a 2002 case in the United Stated District Court for the District of Oregon.

Plaintiff filed a motion for summary judgment on attorneys fees on February 2, 2007, which this Court denied without prejudice on July 13, 2007. After unsuccessful attempts at mediation and settlement, plaintiff filed the pending motion for summary judgment.

## II. DISCUSSION

### A. Standard of Review

A court should grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact" suitable for trial.  Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Waterhouse v. Dist. of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002).  The substantive law on which the claim or defense rests dictates whether a factual issue is "material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Such an issue is "genuine" if its resolution could establish an essential element of the nonmoving party's challenged claim or defense.  *Celotex*, 477 U.S. at 325.

B. **Willner's Hourly Rate**

Plaintiff seeks $525 per hour for Willner's work on this case, which it considers the District's fair market rate for Willner's work.  As a backup, plaintiff argues that $450 is the fair market rate for Portland and supports that number with several affidavits.  Defendant imputed a rate of $250 per hour for Willner based on the highest fees charged by its outside counsel in the areas around Portland and Seattle.  Defendant's rate is supported in several other ways.

In *Davis County Solid Waste Management v. Environmental Protection Agency*, 169 F.3d 755 (D.C. Cir. 1999), the D.C. Circuit held that "Washington rates will apply so long as the judicial forum is here, unless [1] the work done here is minimal and [2] the difference in rates substantial."  *Id.* at 759. Defendant makes a strong showing that the first prong of the

3

*Davis County* exception is satisfied.  There is a material fact in dispute, however, with regard to the second prong.  To calculate the difference in Willner's possible rates, there must be a comparison between the fair market rates in the District and the ones in Portland.  Defendant argues that the rate is $250 per hour; plaintiff argues that it is $450 per hour.  This disputed fact is material because although the difference between $525 and $450 is small, the difference between $525 and $250 is substantial.  *See id.* (finding that a 70% rate difference is substantial); *Palmer v. Rice*, 2005 WL 1662130, at *20 (D.D.C. July 11, 2005) (finding that the difference between $140 and $370 is substantial).

Accordingly, plaintiff's request for summary judgment is **DENIED** without prejudice.  In view of the denial of summary judgment, the court will request a Report and Recommendation from U.S. Magistrate Judge John Facciola, pursuant to Local Rule 72.3 on the issue of plaintiff's reasonable hourly attorney fee rate.  Because the remaining attorney fee issues, the double multiplier, and the disallowed time are related to the hourly rate issue, it is premature to address those issues at this time.  The Court requests that Magistrate Judge Facciola shall likewise address those related issues in his Report and Recommendation.  Thus, summary judgment on those related issues is likewise **DENIED** without prejudice.

### III.  CONCLUSION

Plaintiff's motion for summary judgment is **DENIED** without prejudice.  The Court requests that U.S. Magistrate Judge Facciola address the hourly rate, the double multiplier, and disallowed time in his Report and Recommendation.  An appropriate Order accompanies this memorandum opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan
            United States District Judge
            March 31, 2009**