**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**WINSTON & STRAWN LLP, et al.,**

      **Plaintiffs,**

    **v.**                    **Civil Case No. 06-1120 (EGS/JMF)**

**FEDERAL DEPOSIT INSURANCE CORPORATION,
AS RECEIVER FOR THE BEN FRANKLIN FS&LA,
PORTLAND, OREGON,**

      **Defendant**.

**MEMORANDUM ORDER**

This matter has been referred to me for resolution of the application of counsel for the petitioners' attorneys' fees.

The parties are divided (*inter alia*) on the issues of whether the hourly rate used to ascertain counsel's fees should be paid in accordance with fees charged by lawyers in the District of Columbia legal market and whether the lodestar, that is achieved by multiplying whatever is determined to be the appropriate hourly rate against the hours counsel reasonably expended in the representation, should then be adjusted upward to account for success and other factors.

While the parties discuss the authority in the Circuit, they do not address authority in this Court that is precisely on point, albeit difficult to reconcile. It would be unfair of me to consider it without providing the parties an opportunity to address it. The parties must therefore address this authority in the supplemental briefing I am requiring by this Memorandum Order. The authority to which I refer is: <u>MacClarence v. Johnson</u>, 539 F. Supp. 2d 155 (D.D.C. 2008) (*Laffey* rates apply in litigation against a federal agency wherever the work is done when counsel's paying clients pay him those rates); <u>Rocky Mountain Clean Air Action v. Johnson</u>, No.

06-CV-1992, 2008 U.S. Lexis 70338 (D.D.C. Jan. 28, 2008) (Counsel in litigation against the federal government must be compensated by rates in his home community when work was done there); Palmer v. Rice, Nos. 76-CV-01439, 77-CV-02006 (D.D.C. June 27, 2007) (attorney who lived in Massachusetts and did most of the work there is to be compensated according to rates in the District of Columbia).

Additionally, plaintiffs' counsel seeks a "double multiplier success rate" as an upward adjustment of the lodestar arrived at by the traditional multiplying hours times hourly rate. See Motion for Summary Judgment of Don S. Willner and Associates, P.C., Including a Memorandum of Points and Authorities and Request for Oral Argument at 20-21. The Supreme Court, however, has granted a petition for certiorari in a case that raises the precise issue of: "Can a reasonable attorney's fee award under a federal fee-shifting statute ever be enhanced based solely on quality of performance and results obtained when these factors already are included in the lodestar calculation?" Perdue v. Kenny A., No. 08-CV-970, 2009 WL 245095, at *1 (U.S. Jan. 29, 2009).

It would be improvident to reach the issue raised by Mr. Willner before the Supreme Court acts, particularly since the Supreme Court case is briefed and will be argued on October 14, 2009.[1] By the same token, Mr. Willner is awaiting his compensation and the defendant concedes that a certain amount, less than Mr. Willner seeks, is due him. It would seem appropriate for me to initially recommend to Judge Sullivan that the defendant pay him forthwith what it concedes is due without prejudice to his seeking a greater amount in this action. I will also therefore order Mr. Willner and counsel for the defendant to meet and confer by phone to ascertain whether they can reach agreement on an amount that can be paid to Mr. Willner forthwith. If they cannot, then the defendant will have to show cause why I should not recommend that Judge Sullivan order it to pay Mr. Willner what it concedes is due him.

---

[1] Supreme Court docket in 08-CV-970 available at http://origin.www.supremecourtus.gov/docket/08-970.htm.

**IT IS THEREFORE ORDERED** that:

1.     Counsel shall file by August 19, 2009 supplemental memoranda addressing the significance of the cases listed above for the determination of Mr. Willner's hourly rate.  Counsel shall then file memoranda, replying to the other party's submission, by August 28, 2009.

2.     Counsel shall meet and confer by telephone by August 7, 2009 to see if they can agree upon an amount that the defendant will agree to pay Mr. Willner forthwith.  If they do so agree, they shall submit a joint stipulation herein advising the Court of the amount that will be paid.  If they cannot agree, counsel for the defendant shall **SHOW CAUSE** in writing by August 14, 2009 why I should not recommend to Judge Sullivan that he initially order the defendant to pay Mr. Willner what it concedes is due him.

_____/S/_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: July 30, 2009

3